## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
JASON POTHIER, AND
STACEY POTHIER,
     Plaintiffs

vs.

GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT;
GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL HIGH SCHOOL;
MICHAEL WATSON, individually and as the
Superintendent of Greater New Bedford Regional
Vocational Technical School District and/or Greater
New Bedford Regional Vocational Technical High School;
NANCY MARKEY, individually and as the
Human Resources Director of Greater New
Bedford Regional Vocational Technical
School District and/or Greater New Bedford Regional
Vocational Technical High School;
WARLEY WILLIAMS, individually and as the
Principal of Greater New Bedford Regional
Vocational Technical High School and/or an employee
of Greater New Bedford Regional Vocational Technical
School District;
YOLANDA DENNIS, individually and as the Executive
Director of Equity, Diversity, Inclusion, and Family
Engagement of Greater New Bedford Regional Vocational
Technical School District and/or Greater New Bedford
Regional Vocational Technical High School; AND
KATHLEEN MARTINS, individually and as
an employee/former employee of Greater New Bedford
Regional Vocational Technical School District and/or
Greater New Bedford Regional Vocational Technical
High School,
     Defendants.

Case No: 1:25-cv-10815

**COMPLAINT AND
JURY DEMAND**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 5

JURISDICTION AND VENUE .......................................................................... 5

PARTIES ............................................................................................................. 6

FACTS ................................................................................................................. 7

    Background ................................................................................................ 7

    Kathleen Martins' Grooming and Inappropriate Relationship with Jacob and
    The District's, GNB Voc-Tech's, Watson's, Markey's, Williams', and/or
    Dennis' Actions ....................................................................................... 10

    Plaintiff's Presentment Letters ............................................................... 16

COUNT I:    VIOLATION OF THE DUE PROCESS CLAUSE OF THE
             FOURTEENTH AMENDMENT TO THE UNITED STATES
             CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Greater*
             *New Bedford Regional Vocational Technical School District and Greater*
             *New Bedford Regional Vocational Technical High School)* ................................ 16

COUNT II:    VIOLATION OF THE DUE PROCESS CLAUSE OF THE
             FOURTEENTH AMENDMENT TO THE UNITED STATES
             CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Greater*
             *New Bedford Regional Vocational Technical School District and Greater*
             *New Bedford Regional Vocational Technical High School)* ................................ 17

COUNT III:    VIOLATION OF THE DUE PROCESS CLAUSE OF THE
             FOURTEENTH AMENDMENT TO THE UNITED STATES
             CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Greater*
             *New Bedford Regional Vocational Technical School District and Greater*
             *New Bedford Regional Vocational Technical High School)* ................................ 18

COUNT IV:    VIOLATION OF THE EQUAL PROTECTION CLAUSE OF
             THE FOURTEENTH AMENDMENT TO THE UNITED STATES
             CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Greater*
             *New Bedford Regional Vocational Technical School District and Greater*
             *New Bedford Regional Vocational Technical High School)* ................................ 21

COUNT V:    VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS
             OF 1972, 20 U.S.C. § 1681 *(Against Greater New Bedford Regional*
             *Vocational Technical School District and Greater New Bedford Regional*
             *Vocational Technical High School)* ...................................................................... 23

COUNT VI:    VIOLATION OF THE CHILD VICTIMS RIGHT ACT, THROUGH
18 U.S.C. § 2255 *(Against Greater New Bedford Regional Vocational
Technical School District and Greater New Bedford Regional Vocational
Technical High School)* ................................................................... 26

COUNT VII:   VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L.
C. 12, § 11I *(Against Greater New Bedford Regional Vocational Technical
School District and Greater New Bedford Regional Vocational Technical High
School)* ............................................................................................ 26

COUNT VIII: VIOLATION OF M.G.L. C. 76, § 5 *(Against Greater
New Bedford Regional Vocational Technical School District and Greater
New Bedford Regional Vocational Technical High School)* ............................... 27

COUNT IX:    VIOLATION OF M.G.L. C. 119, § 51A *(Against Greater
New Bedford Regional Vocational Technical School District and
Greater New Bedford Regional Vocational Technical High School)* .................. 29

COUNT X:     NEGLIGENT PROTECTION OF A STUDENT *(Against Greater New
Bedford Regional Vocational Technical School District and Greater New
Bedford Regional Vocational Technical High School)* ........................................ 30

COUNT XI:    WILLFUL, WANTON, AND/OR RECKLESS PROTECTION OF
A STUDENT *(Against Greater New Bedford Regional Vocational
Technical School District and Greater New Bedford Regional
Vocational Technical High School)* .................................................................... 33

COUNT XII:   NEGLIGENT RETENTION, TRAINING AND SUPERVISION OF
AN EMPLOYEE *(Against Greater New Bedford Regional Vocational
Technical School District and Greater New Bedford Regional Vocational
Technical High School)* ...................................................................................... 35

COUNT XIII: WRONGFUL DEATH IN VIOLATION OF M.G.L. C. 229, § 2
*(Against Greater New Bedford Regional Vocational Technical School
District and Greater New Bedford Regional Vocational Technical High
School)* ............................................................................................................. 38

COUNT XIV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Against Greater New Bedford Regional Vocational Technical School
District and Greater New Bedford Regional Vocational Technical High
School)* ............................................................................................................. 41

COUNT XV:    VIOLATION OF THE DUE PROCESS CLAUSE OF THE
FOURTEENTH AMENDMENT TO THE UNITED STATES
CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Watson,
Markey, Williams, and Dennis)* ......................................................................... 41

COUNT XVI: VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE
        FOURTEENTH AMENDMENT TO THE UNITED STATES
        CONSTITUTION, THROUGH 42 U.S.C. § 1983*(Against Watson,*
        *Markey, Williams, and Dennis)* ............................................................... 44

COUNT XVII: VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT,
        M.G.L. C. 12, § 11I *(Against Watson, Markey, Williams, and Dennis)* ........... 47

COUNT XVIII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
        *(Against Watson, Markey, Williams, and Dennis)* ............................................. 47

COUNT XIX: LOSS OF CONSORTIUM, THROUGH M.G.L. C. 231, § 85X
        *(Against Watson, Markey, Williams, and Dennis)* ................................................ 48

COUNT XX: VIOLATION OF THE DUE PROCESS CLAUSE OF THE
        FOURTEENTH AMENDMENT TO THE UNITED STATES
        CONSTITUTION, THROUGH 42 U.S.C. § 1983 *(Against Martins)* ................ 50

COUNT XXI:  VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE
        FOURTEENTH AMENDMENT TO THE UNITED STATES
        CONSTITUTION, THROUGH 42 U.S.C. § 1983 (*Against Martins*) .............. 51

COUNT XXII: VIOLATION OF THE CHILD ABUSE VICTIMS RIGHTS ACT,
        THROUGH 18 U.S.C. § 2255 *(Against Martins*) ................................................ 51

COUNT XXIII: VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT,
        M.G.L. C. 12, § 11I *(Against Martins)* ............................................................. 52

COUNT XXIV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
        *(Against Martins)* ............................................................................................ 53

COUNT XXV: LOSS OF CONSORTIUM, THROUGH M.G.L. C. 231, § 85X
        *(Against Martins)* ............................................................................................ 53

REQUEST FOR RELIEF ........................................................................................... 54

JURY DEMAND ......................................................................................................... 55

## INTRODUCTION

This is an action for damages and other relief for violations of due process rights, violations of equal protection rights, violations of Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681), violations of the Child Abuse Victims Rights Act (18 U.S.C. § 2255), violations of the Massachusetts Civil Right Act (M.G.L. c. 12, § 11I), violations of Massachusetts General Laws Chapter 76, Section 5, violations of Massachusetts General Laws Chapter 119, Section 51A, wrongful death (M.G.L. c. 229, § 2), negligence, willfulness, wantonness, and/or recklessness, intentional infliction of emotional distress, negligent infliction of emotional distress, and loss of consortium (M.G.L. c. 231, § 85X), all of which arise out of an inappropriate sexual relationship between a student and a staff member of Greater New Bedford Regional Vocational Technical School District (the "District") and/or Greater New Bedford Regional Vocational Technical High School ("GNB Voc-Tech") and which began at and in GNB Voc-Tech, and ultimately led to the untimely death of Jacob P. Pothier ("Jacob").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked under the provisions of 18 U.S.C. § 2255, 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. §§ 1983, 1988.

2. Pursuant to 28 U.S.C. § 1367(a), this Court has pendant jurisdiction over the Plaintiff's state law claims for violations of Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I, M.G.L. c. 76, §5, M.G.L. c. 119, § 51A, M.G.L. c. 229, § 2, M.G.L. c. 258, § 2, and also Plaintiff's common law claims.

3. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391, as the claims arose in this judicial district.

## PARTIES

4. The Plaintiff Jennifer Cullen, is the duly appointed Personal Representative of the Estate of
   Jacob P. Pothier.

5. The Plaintiff Jason Pothier ("Jason Pothier"), is the father of Jacob P. Pothier and resides at 2
   Garfield Street, Acushnet, Massachusetts.

6. The Plaintiff Stacey Pothier ("Stacey Pothier"), is the mother of Jacob P. Pothier and resides at
   354 Cummington Street, New Bedford, Massachusetts.

7. The Decedent, Jacob P. Pothier died on January 5, 2024 (DOB: 12/22/2005), and was at the
   time of his death 18-years-old and a student at GNB Voc-Tech.

8. The Defendant the District is a regional public school district formed by the Towns of
   Dartmouth and Fairhaven and the City of New Bedford with a principal place of business at
   1121 Ashley Boulevard, New Bedford, Massachusetts.

9. The Defendant GNB Voc-Tech is a four-year vocational/technical public, high school that is
   the only school in the District and has a principal place of business at 1121 Ashley
   Boulevard, New Bedford, Massachusetts.

10. The Defendant Michael Watson ("Watson") is an employee and agent of the District and/or
    GNB Voc-Tech with a main office located at 1121 Ashley Boulevard, New Bedford,
    Massachusetts.

11. The Defendant Nancy Markey ("Markey") is an employee and agent of the District and/or
    GNB Voc-Tech with a main office located at 1121 Ashley Boulevard, New Bedford,
    Massachusetts.

12. The Defendant Warley Williams ("Williams") is an employee and agent of the District
    and/or GNB Voc-Tech with a main office located at 1121 Ashley Boulevard, New Bedford,

Massachusetts.

13. The Defendant Yolanda Dennis ("Dennis") is an employee and agent of the District and/or GNB Voc-Tech with a main office located at 1121 Ahley Boulevard, New Bedford, Massachusetts.

14. The Defendant Kathleen Martins ("Martins") is a former employee and agent of the District and/or GNB Voc-Tech with a main office located at 1121 Ashley Boulevard, New Bedford, Massachusetts and a residential address at 114 Pearl Street, Dartmouth, Massachusetts.

## **FACTS**

### **Background**

15. Jason Pothier and Stacey Pothier had joint custody of Jacob.

16. Jason Pothier and Stacey Pothier were Jacob's sole source of support and Jacob was dependent upon his parents.

17. The District's School Committee (the "School Committee") is an eight-person committee.

18. GNB Voc-Tech is the only school within the District and the only school within the purview of the School Committee.

19. The District and/or GNB Voc-Tech are recipients of federal funds.

20. Defendant Watson began working at the District and/or GNB Voc-Tech in 2007.

21. On July 1, 2021, Defendant Watson became the Superintendent-Director of the District and GNB Voc-Tech and was the individual in charge of the District and school.

22. The Superintendent-Director reports to the School Committee.

23. In or about the Spring of 2021, Defendant Markey began working at the District and/or GNB Voc-Tech as the Human Resources Director.

24. Markey reports directly to the Superintendent-Director.

25. Between August 2014 through August 2019, Defendant Williams worked for the District and/or GNB Voc-Tech as the Assistant Principal and Director of Security.

26. In the Summer of 2021, Williams returned to the District and/or GNB Voc-Tech and became the Principal at the school.

27. Williams reports directly to the Superintendent-Director.

28. In or about December 2021, Defendant Dennis began working at the District and/or GNB Voc-Tech as the Director of Equity, Diversity, Inclusion and Family Engagement.

29. Dennis reports directly to the Superintendent-Director.

30. The student handbook identifies the Principal or their designee (Assistant Principals for harassment and Director of Guidance for Civil Rights) and/or the Director of Equity, Diversity, Inclusion and Family Engagement as the Title IX Coordinators. *Ex. 1 at 58.*

31. At all relevant times herein, Defendants Williams and Dennis were the Title IX Coordinators.

32. For the school years 2021-2022 and 2022-2023, the Assistant Principals for the District and/or GNB Voc-Tech were Robert Pimental and Jeffrey Caron.

33. For the school year 2023-2024, the Assistant Principals were Matthew Silva and Derek Medeiros.

34. The Assistant Principals reports directly to the District's and/or GNB Voc-Tech's Principal and the Superintendent-Director.

35. One of the District's and/or GNB Voc-Tech's Assistant Principals is also Director of Security.

36. The Security Department personnel report directly to the Assistant Principal.

37. The Principal and Superintendent-Director also have authority over Security Department personnel.

38. The District's and/or GNB Voc-Tech's Security Department employees are tasked with ensuring that the students have a safe and secure school environment.

39. On a yearly basis, the School Committee votes on and adopts both an employee handbook and a student handbook, which include policies that mandate that employees of the District and GNB Voc-Tech must implement and adhere to.

40. Pursuant to the handbooks, the District's and/or GNB Voc-Tech's mission includes providing students with a safe and secure environment. *Ex. 1 at 10; Ex. 2 at 2-3.*

41. It is the District's and/or GNB Voc-Tech's policy that employees have healthy, social interactions with students and act in a manner which ensures that the school environment is safe for students' physical and emotional well-being. *Ex. 2 at 2-3, 50-51, 58-61.*

42. Pursuant to the District's and GNB Voc-Tech's policies, employees are prohibited from abusing students and having inappropriate physical contact with students, which includes, but is not limited to, any unprofessional, unethical physical contact, any contact that does not have a valid educational purpose or objective, and/or any physical contact that involves touching under a student's clothes or on the student's private parts. *Ex.2 at 30, 32-33, 23-54.*

43. The harassment policy in the District's and/or GNB Voc-Tech's student handbook states: "Employees of GNBVT are expressly prohibited from engaging in any sexual relationship with a student.  Such conduct is not allowed under any circumstances regardless of the student's age as such relationships are considered sexual violence whether the adult's behavior is unwanted or not." *Ex. 1 at 60.*

44. Pursuant to the District's and/or GNB Voc-Tech's student handbook, harassment falling within the purview of the school and subject to the handbook policy, includes sexual harassment that occurs outside of school and which influences the school environment for the

9

harassed student. *Ex. 1 at 59-60.*

45. Pursuant to the District's and/or GNB Voc-Tech's student and employee handbooks, if an employee becomes aware of harassment of a student, the employee is mandated to report the harassment, harassment allegations will be investigated fully and in an expeditious manner, and, if a student is under eighteen years of age, the parents/guardians of the student will be notified. *Ex. 2 at 32-33.*

46. During the years that Jacob attended GNB Voc-Tech, neither the employee handbook nor the student handbook had a Title IX policy section.

47. The District and/or GNB Voc-Tech employees are prohibited from communicating with students through social media. *Ex. 2 at 66; 102-104.*

48. The District and/or GNB Voc-Tech and its employees, are mandated reporters under M.G.L. c. 119. *Ex. 2 at 32-33.*

49. The District and/or GNB Voc-Tech expect that their employees abide by all laws and school rules and policies regardless of whether the employee is on or off campus and whether school is in session or not in session.

**Martins' Grooming and Inappropriate Relationship with Jacob and the District's, GNB Voc-Tech's, Watson's, Markey's, Williams', and/or Dennis' Actions**

50. In August 2021, Martins worked at GNB Voc-Tech as a security guard.

51. On or about August 31, 2021, Jacob began his freshman year at GNB Voc-Tech.

52. As of August 31, 2021, Jacob was fifteen-years-old.

53. In August, 2021, Martins (DOB: 4/22/1979) was forty-two years old.

54. While attending GNB Voc-Tech, Jacob was an athlete and a member of the football team.

55. Beginning in August, 2021, Martins, an employee, engaged in actions to groom, sexually harass, stalk, and sexually abuse Jacob, a student.

56. Pursuant to the District's and/or GNB Voc-Tech's policies and mandates, Martins' actions are sexual violence. *Ex. 1 at 60.*

57. Martins' actions of grooming, sexual harassment, sexual abuse, and/or sexual violence towards Jacob occurred at GNB Voc-Tech and while Martins was working within the scope of her employment with the District and/or GNB Voc-Tech.

58. Martins' actions, including grooming, stalking, and sexual abuse, began inside of school and progressed to also occur outside of school.

59. In exchange for sex, Martins provided Jacob with such things as alcohol, marijuana, clothing, jewelry, food, and money.

60. During the school day, Martins would remove Jacob from class and have him spend time with her rather than attending class.

61. No action was taken by the District, GNB Voc-Tech, Watson, Markey, Williams, Dennis, or any other administrators or employees to investigate why Jacob was being taken out of class by Martins, and/or to ensure that Jacob was in class.

62. On a regular basis, at the end of the school day, Jacob would leave the school grounds in Martins' car.

63. During at least one football game, Defendant Martins came to the game wearing a shirt with Jacob's jersey number on it.

64. When Jacob had a football tournament in New Jersey, Martins went to New Jersey and rented a hotel room and Jacob visited her at the hotel room.

65. Upon information and belief, Martins used social media to communicate with Jacob.

66. Upon information and belief, beginning in the Fall of 2021, the District, GNB Voc-Tech, Watson, Markey, Williams, Dennis, and several other administrators and employees at the

District and/or GNB Voc-Tech knew and/or reasonably should have known that Martins was grooming, sexually harassing, stalking, and/or sexually abusing Jacob and engaging in sexual violence.

67. Despite their knowledge, the District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis, and the several other administrators and employees took no actions.

68. Instead, the District and/or GNB Voc-Tech, and its employees and/or agents, retained Martins as a Security Department employee, did not discipline Martins, did not file a Title IX Complaint and/or investigate the relationship between Martins and Jacob, did not file a report with Department of Children and Families ("DCF") as required by M.G.L. c. 119, § 51A ("51A report") regarding the grooming, sexual harassment, stalking, sexual abuse, and/or sexual violence, and did not provide support to Jacob.

69. Between August, 2021 and February, 2023, a New Bedford police officer found Martins and Jacob in the Pine Grove Cemetery (which is across the street from GNB Voc-Tech) in Martins' car.

70. Upon information and belief, GNB Voc-Tech's School Resource Officer, Leanne Fisher, also knew about Martins' grooming, sexual harassment, stalking, and/or sexual abuse of Jacob.

71. In February, 2023, the District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis became aware that a sex video depicting Martins and Jacob engaging in a sex act was being viewed by students in school.

72. After the District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis became aware of the sex video, and before DCF interviewed Jacob, Jacob (who was seventeen at the time) was called to the main office, confronted about the sex video, instructed to empty his pockets, turn over his cellphone, interrogated and threatened, and told that there would be

disciplinary consequences for him at school and that he could be charged criminally for possession of the sex video.

73. The District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis did not treat and/or regard Jacob as a victim of grooming, sexual harassment, stalking, sexual abuse, and/or sexual violence, and instead, regarded him as a perpetrator who could be criminally punished and also disciplined by the District and/or school.

74. Upon information and belief, female students who were victims of known or suspected grooming, sexual harassment, stalking, and/or sexual abuse by a District and/or GNB Voc-Tech agent or employee were not treated as perpetrators, but instead were treated as victims and supported as such, including with an investigation and discipline for their perpetrators.

75. After the District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis became aware of the sex video, Martins was placed on paid administrative leave, was not issued any discipline, and on March 6, 2023, was allowed to resigned, without any conditions and without any further investigation taking place.

76. The District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis did not provide Jacob with services for students who have been sexually harassed and/or sexually abused.

77. The District and/or GNB Voc-Tech never informed Jacob's parents about the inappropriate sexual relationship with Martins or that Martins was being permitted to resign without any conditions and/or ramifications under the District's and/or GNB Voc-Tech's policies.

78. After being called to the front office about the video tape, Jacob informed his parents that he got into trouble at school and told them about Martins.

79. When Jacob's parents reached out to the District and/or GNB Voc-Tech about the matter, the District, GNB Voc-Tech, Watson, Markey, Willams and/or Dennis informed Jacob's parents

that if Martins was found to have violated a law, that the finding would have negative ramifications for Jacob including impacting Jacob's football career at GNB Voc-Tech and any post-graduation opportunities that could otherwise arise.

80. After Defendants became aware of the sex video, a report with the Department of Children and Families ("DCF") was filed.

81. Upon information and belief, prior to DCF interviewing Jacob, Martins prepped him and convinced him not to reveal any information to DCF about the inappropriate relationship.

82. Following Martins' resignation, Jacob was ostracized by the District's and/or GNb Voc-Tech's administrators, teachers, and/or staff.

83. Due to this school environment, Jacob was disengaged from school and would skip school.

84. Also following Martins' resignation, the District, GNB Voc-Tech, Watson, Markey, Williams and/or Dennis were aware that Martins continued to pursue and stalk Jacob and engage in an inappropriate relationship with Jacob.

85. After her resignation, Martins came onto the District and/or GNB Voc-Tech property and came into the school to bring food to Jacob.

86. Also after her resignation, Martins would come onto school property to pick Jacob up from school.

87. The District, GNB Voc-Tech, Watson, Markey, Williams, and/or Dennis did not inform DCF that the relationship was still continuing, did not file a report with DCF, and also did not take any steps to counsel and/or support Jacob.

88. Upon information and belief, Martins communicated with Jacob via social media and through her cell phone.

89. On multiple occasions, Jacob attempted to distance himself from Martins and end the

relationship with her. Martins, however, continued to pursue and stalk Jacob, including picking him up from school, sexually harassing and sexually abusing him, and continuing to purchase alcohol, marijuana, food, clothes, and other items for Jacob.

90. On January 5, 2024, at approximately 10:35 P.M., at the intersection of Gulf and Smith Neck Roads in Dartmouth, Massachusetts, Martins and Jacob were involved in a single car motor vehicle accident involving a 2022 Honda Accord which was owned by Martins.

91. Martins' vehicle was traveling west, at an excessive rate of speed, when it crashed into the southeast corner of the Padanaram Bridge.

92. Upon impact, with the Padanaram Bridge curbing and guardrail, Jacob and Martins were both ejected from the vehicle.

93. When first responders arrived at the scene, they found the front end and the driver side of the vehicle heavily damaged, and both Jacob and Martins lying unresponsive in the roadway.

94. Inside the vehicle there were several nip bottles of Smirnoff vodka alcohol.

95. Both Jacob and Martins were transported to St. Luke's Hospital in New Bedford, Massachusetts.

96. St. Luke's Hospital medical personnel determined that Jacob died on impact at the time of the accident.

97. At the time of Jacob's death, he was a junior at GNB Voc-Tech.

98. Martins was seriously injured, but survived the accident.

99. Upon information and belief, shortly after the accident, Martins deleted her Facebook account.

100. In May, June, or July, 2024, Martins returned to work at the SouthCoast Behavioral Health Center.

15

101. Upon information and belief, the School Committee is aware that there are several incidents of teacher-student grooming, sexual harassment, sexual abuse, and/or sexual violence which are known and are not documented and/or investigated by the District and/or GNB Voc-Tech employees and /or the School Committee has taken no actions to mandate further training on recognizing, reporting, and investigating grooming, sexual harassment, sexual abuse, and/or sexual violence.

102. Upon information and belief, Martins groomed and pursued relationships with other students and had inappropriate relations with other students.

**Plaintiff's Presentment Letters**

103. On or about June 5, 2024, Plaintiff sent presentment letters pursuant to Massachusetts General Laws Chapter 258, Section 4 to the District's and GNB Voc-Tech's Superintendent-Director Watson, the chairperson of the School Committee, and the mayor and selectboard chairpersons of the District's and GNB Voc-Tech's member city and towns. *Ex. 3.*

104. On or about November 29, 2024, counsel for the District, GNB Voc-Tech, Watson, Markey, Williams, and Dennis, and their employees and agents, responded to the presentment letter and denied any wrongdoing and any and all liability. *Ex. 4.*

**COUNT I - VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983**
**(*Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School*)**

105. The Plaintiff incorporates herein paragraphs 1 through 104 from above.

106. At all times relevant, the District and/or GNB Voc-Tech were acting under the color of state law.

107. At all times relevant, pursuant to the Fourteenth Amendment of the Constitution of the

United States, Jacob had a clearly established right and protected liberty interest in bodily integrity.

108. The District and/or GNB Voc-Tech had an affirmative duty to protect Jacob.

109. The District and/or GNB Voc-Tech, have and had a well-established and widespread custom of treating minor males that are subject to grooming, sexual harassment, sexual abuse, and/or sexual violence by their employees, as perpetrators and wrongdoers, rather than victims, resulting in no investigation, no filing of a 51A report, and no support for the male victim.

110. The District's and/or GNB Voc-Tech's had actual and/or constructive knowledge of the custom and the custom was and is well-settled and widespread throughout the District.

111. Due to the District's and/or GNB Voc-Tech's custom, Jacob's constitutional rights have been violated, Jacob suffered invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT II - VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
**(*Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School*)**

112. The Plaintiff incorporates herein paragraphs 1 through 111 from above.

113. At all times relevant, the District and/or GNB Voc-Tech were acting under the color of state law.

114. At all times relevant, pursuant to the Fourteenth Amendment of the Constitution of the United States, Jacob had a clearly established right and protected liberty interest in bodily integrity.

115. The District and/or GNB Voc-Tech had an affirmative duty to protect Jacob.

116. In light of the circumstances and the amount of teacher-student sexual harassment known and/or investigated at GNB-Voc-Tech resulted in the District, GNB Voc-Tech, and/or the School Committee having actual and/or constructive knowledge that changes to employee training regarding identifying, reporting, including filing 51As, stopping such behavior, and not targeting and retaliating against students who are victims of grooming, sexual harassment, sexual abuse, or sexual violence, yet no changes were made.

117. Additionally, in light of the circumstances with Jacob, and the District's and/or GNB Voc-Tech's actual or constructive knowledge of Martins' grooming, sexual harassment, sexual abuse, and/or sexual violence of Jacob, their failure to supervise and/or discipline Martins caused a violation of Jacob's constitutional rights, and amounted to deliberate indifference to Jacob's rights

118. The District and/or GNB Voc-Tech's failure to train, supervise, and/or discipline employees was likely to result in a violation of the constitutional rights of students and did cause a violation of Jacob's constitutional rights.

119. The District and/or GNB Voc-Tech acted with deliberate indifference.

120. As a result of such deprivations, Jacob suffered invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT III - VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
***(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)***

121. The Plaintiff incorporates herein paragraphs 1 through 120 from above.

122. At all times relevant, the District and/or GNB Voc-Tech were acting under the color of state law.

123. At all times relevant, pursuant to the Fourteenth Amendment of the Constitution of the United States, Jacob had a clearly established right and protected liberty interest in bodily integrity.

124. The District and/or GNB Voc-Tech had an affirmative duty to protect Jacob.

125. The District and/or GNB Voc-Tech affirmatively used their authority to create a danger and/or enhance a danger by the following:

   a. Suppressing and/or failing to file 51A reports about the known sexual harassment;

   b. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports, when the sexual harassment was of a male;

   c. Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

   d. Allowing, disregarding and condoning Martins' removing Jacob from class;

   e. Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

   f. Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

   g. Retaining Martins as an employee;

   h. Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

   i. Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the

investigation;

j.  Ignoring the dangers Martins posed to Jacob;

k.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

l.  Failing to provide supportive measures to Jacob;

m.  Treating Jacob as a perpetrator who could be criminally charged and disciplined; and

n.  Targeting and retaliating against Jacob after Martins left the school's employment.

126. Jacob, who had a relationship with the District and/or GNB Voc-Tech because he was a student in the District and/or at GNB Voc-Tech, was a foreseeable victim of the danger and the harm to Jacob was foreseeable.

127. The affirmative actions of the District and/or GNB Voc-Tech, created and/or enhanced the danger that Martins would continue the unlawful behavior as the District's and/or GNB Voc-Tech's affirmative actions condoned the actions such that the grooming, sexual harassment, sexual abuse, and sexual violence progressed.

128. If at anytime Martins was not acting under the color of law, Plaintiff alternatively pleads, that the affirmative acts by the District and/or GNB Voc-Tech, during that time, unlawfully created and/or enhanced a danger.

129. The affirmative actions of the District and/or GNB Voc-Tech, were unreasonable under the circumstances and sufficiently severe, pervasive, and so extreme and egregious as to shock the conscience.

130. As a direct and foreseeable result, Jacob was subject to grooming, sexual harassment, sexual abuse, sexual violence, suffered invasion of bodily integrity, physical injury,

indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT IV - VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

131. The Plaintiff incorporates herein paragraphs 1 through 130 from above.

132. At all times relevant, the District and/or GNB Voc-Tech were acting under the color of state law.

133. Pursuant to the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States, Jacob had a right to equal access to public education and the District and/or GNB Voc-Tech had a duty to treat Jacob equally and provide him with equal access to education.

134. Pursuant to said duty, the District and/or GNB Voc-Tech had the authority and responsibility to ensure that Jacob was protected from sexual harassment by its employees.

135. The District and/or GNB Voc-Tech violated Jacob's well-established constitutional rights and treated him differently than similarly situated females when it engaged in the following actions:

   a. Suppressing and/or failing to file 51A reports about the known sexual harassment;

   b. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports, when the sexual harassment was of a male;

   c. Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

   d. Failing to adhere to the mandated policy of no sexual relationships between

employees and students, and that such relationships are sexual harassment;

e.  Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

f.  Retaining Martins as an employee;

g.  Failing to discipline Martins;

h.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

i.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue and to complete the investigation;

j.  Ignoring the dangers Martins posed to Jacob;

k.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

l.  Failing to provide supportive measures to Jacob;

m.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

n.  Targeting and retaliating against Jacob after Martins left the school's employment.

136. The District and/or GNB Voc-Tech were deliberately indifferent and subjected Jacob to disparate treatment by treating him differently than similarly situated female students.

137. The District's and/or GNB Voc-Tech's disparate treatment of Jacob interfered with his well-established constitutional rights to an equal education and created a hostile educational environment, leading to Jacob skipping classes and school and disengaging himself.

138. The actions of the District and/or GNB Voc-Tech, were unreasonable under the

circumstances and sufficiently severe, pervasive, and so extreme and egregious as to shock the conscience.

139. As a direct and proximate result of the actions of the District and/or GNB Voc-Tech, Jacob was deprived of his well-established constitutional rights, suffered invasion of bodily integrity, was not provided with an equal education, physical injury, indignity, humiliation, severe emotional distress and mental anguish and loss of life.

### COUNT V - VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, THROUGH 20 U.S.C. § 1681
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

140. The Plaintiff incorporates herein paragraphs 1 through 139 from above.

141. The District and/or GNB Voc-Tech, including several administrators and teachers all of whom were mandatory reporters under the law, had actual knowledge, at various times that Martins had and was grooming, sexually harassing, including quid pro quo harassment and creating a hostile educational environment, stalking, and/or sexually abusing Jacob, and engaging in sexual violence towards Jacob.

142. Despite their knowledge, the District and/or GNB Voc-Tech failed to take corrective measuring and instead permitted Martins' behavior to continue, including:

   a. Failing to properly train and supervise employees and/or discipline them in order to avoid improper behavior with minor students;

   b. Suppressing and/or failing to file 51A reports about the known grooming, sexual harassment, and sexual abuse;

   c. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports;

d.  Failing to file a formal Title IX complaint;

e.  Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

f.  Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment and per se sexual violence;

g.  Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a student and conducting an investigation into the alleged harassment of a student;

h.  Retaining Martins as an employee;

i.  Failing to discipline Martins;

j.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment of Jacob;

k.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue and to complete the investigation;

l.  Ignoring the dangers Martins posed to Jacob;

m.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring Jacob food and to pick Jacob up from school;

n.  Failing to provide supportive measures to Jacob;

o.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

p.  Targeting and retaliating against Jacob after Martins left the school's employment.

143. The District and/or GNB Voc-Tech had the authority and ability to address the grooming,

sexual harassment, sexual abuse, sexual violence, and retaliation and to institute remedial and corrective measures to protect Jacob and provide for his safety and well-being.

144. The District and/or GNB Voc-Tech made a conscious and intentional decision to ignore the risks of, and failed to respond to the known acts of, grooming, sexual harassment, sexual abuse, sexual violence, and retaliation, which were so severe, pervasive and objectively offensive that Jacob was deprived of the educational benefits or opportunities provided by the District and/or GNB Voc-Tech and created a hostile educational environment.

145. The District and/or GNB Voc-Tech also made a conscious and intentional decision to treat Jacob as a perpetrator rather than a victim, inform Jacob that he could be criminally prosecuted and disciplined at school, and not offer Jacob support, which were so severe, pervasive and objectively offensive that Jacob was deprived of the educational benefits or opportunities provided by the District and/or GNB Voc-Tech and created a hostile educational environment.

146. Under the circumstances, the District's and/or GNB Voc-Tech's response was unreasonable and demonstrated deliberate indifference to the grooming, sexual harassment, sexual abuse, sexual violence, and/or retaliation.

147. The District's and/or GNB Voc-Tech's deliberate indifference subjected Jacob to further grooming, sexual harassment, sexual abuse, sexual violence, and a hostile educational environment.

148. As a direct and proximate result of the deprivation, Jacob suffered violations of his rights under Title IX of Educational Amendments of 1972, invasion of bodily integrity, physical injury, and loss of life.

**COUNT VI - VIOLATION OF THE CHILD VICTIMS RIGHT ACT,
THROUGH 18 U.S.C. § 2255**
*(Against Greater New Bedford Regional Vocational Technical School District and
Greater New Bedford Regional Vocational Technical High School)*

149. The Plaintiff incorporates herein paragraphs 1 through 148 from above.

150. At all times relevant herein, Jacob was a minor who was almost thirty-years younger than Martins, having unlawful sexual intercourse with Martins, being sexually exploited, being trafficked for sexual servitude, and being unlawfully exhibited in a state of nudity for visual material, all of which began and/or occurred when Martins was an employee at the District and/or GNB Voc-Tech.

151. Jacob was a victim of violations of 18 U.S.C. § 2242, 18 U.S.C. § 2251, 18 U.S.C. § 2252A, and 18 U.S.C. § 2422.

152. As a direct and proximate result of Martins' unlawful actions, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, and/or otherwise suffered personal injuries, including emotional distress and an untimely death on January 5, 2024.

153. The next of kin of the Decedent, Jacob P. Pothier are entitled to compensation for his actual damages, injuries, and death, attorney's fees, costs, and punitive damages.

**COUNT VII - VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT,
M.G.L. C. 12, § 11I**
*(Against Greater New Bedford Regional Vocational Technical School District and
Greater New Bedford Regional Vocational Technical High School)*

154. The Plaintiff incorporates herein paragraphs 1 through 153 from above.

155. The Massachusetts Civil Rights Act guarantees all persons freedom from interference by threats, intimidation or coercion, with the exercise and enjoyment of their rights secured by the Constitution or laws of the United States and/or the Commonwealth.

156. The District and/or GNB Voc-Tech violated Jacob's rights under state and federal law to be free from grooming, sexual harassment, sexual abuse, threats, intimidation and/or coercion.

157. The threat and acts of intimidation and coercion included grooming, quid pro quo sexual harassment, hostile educational environment harassment, sexual abuse, sexual violence, retaliation, and treating Jacob, the victim, as a perpetrator who could be criminally charged and disciplined.

158. As a direct and proximate result of such deprivation, Jacob suffered violations of his constitutional rights, invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

**COUNT VIII - VIOLATION OF M.G.L. C. 76, § 5**
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

159. The Plaintiff incorporates herein paragraphs 1 through 158 from above.

160. Massachusetts law guarantees that no person will be excluded from or discriminated against in obtaining the advantages, privileges, and course of study from a public school on the basis of sex.

161. The District and/or GNB Voc-Tech had the authority and responsibility to ensure that Jacob was protected from sexual harassment, sexual abuse, and sexual violence by its employees.

162. The District and/or GNB Voc-Tech violated Jacob's rights when it engaged in the following actions:

    a. Martins, an employee grooming, sexually harassing, stalking, and sexually abusing Jacob and engaging in sexual violence towards Jacob;

    b. Failing to properly train and supervise employees and/or discipline them in order to avoid improper behavior with minor students;

c.  Suppressing and/or failing to file 51A reports about the known grooming, sexual harassment, and/or sexual abuse;

d.  Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports;

e.  Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

f.  Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are per se sexual violence;

g.  Failing to execute, adhere to, and/or implement the mandated policy with regards to reporting sexual harassment of a student and conducting an investigation into the alleged harassment of a student;

h.  Retaining Martins as an employee;

i.  Failing to discipline Martins;

j.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment, sexual abuse, and/or sexual violence of Jacob;

k.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

l.  Ignoring the dangers Martins posed to Jacob;

m.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

n.   Failing to provide supportive measures to Jacob;

o.   Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

p.   Targeting and retaliating against Jacob after Martins left the school's employment.

163. The District and/or GNB Voc-Tech were deliberately indifferent and subjected Jacob to disparate treatment because he was treated differently than similarly situated female students.

164. The District's and/or GNB Voc-Tech's disparate treatment of Jacob interfered with his well-established state rights to equally obtaining the advantages, privileges and courses of study at GNB Voc-Tech.

165. As a direct and proximate result of the actions of the District and/or GNB Voc-Tech, Jacob was deprived of his well-established state rights, suffered invasion of bodily integrity, was not provided with an equal opportunity to obtain the advantages, privileges and courses of study at GNB Voc-Tech, and suffered from physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT IX - VIOLATION OF M.G.L. C. 119, § 51A
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

166. The Plaintiff incorporates herein paragraphs 1 through 165 from above.

167. At all relevant times, the District and/or GNB Voc-Tech had a special relationship with Jacob due to him being a student at the school.

168. Beginning in August, 2021 and going forward, the District and/or GNB Voc-Tech suspected, knew or should have known that Martins was grooming, sexually harassing, stalking, and/or sexually abusing Jacob and/or engaging in sexual violence towards Jacob.

169. At all relevant times, pursuant to M.G.L. c. 119, Section 51A, the District and/or GNB Voc-Tech and its employees, as mandated reporters, had a duty to report Martins.

170. The District and/or GNB Voc-Tech breached its duty, acted in a willful manner, and otherwise not in accordance with the law, when it failed to file a 51A report and notify DCF about the known and/or suspected sexual abuse and, after it did file a 51A, failed to follow-up with DCF regarding the continuance of Martins' grooming, sexual harassment, stalking, and/or sexual abuse of Jacob and sexual violence.

171. It was reasonably foreseeable that a failure to act in accordance with the requirements of M.G.L. c. 119, Section 51A would result in Martins continuing to groom, sexually harass, stalk, and sexually abuse Jacob and continuing to engage in sexual violence, and that such actions on the part of Martins would result in substantial harm to Jacob.

172. As a direct and proximate result of the District's and/or GNB Voc-Tech's breach, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, abandoned by the District and/or GNB Voc-Tech, and/or otherwise harmed, causing his untimely death on January 5, 2024.

### COUNT X - NEGLIGENT PROTECTION OF A STUDENT
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

173. The Plaintiff incorporates herein paragraphs 1 through 172 from above.

174. At all relevant times, the District and/or GNB Voc-Tech had a special relationship with Jacob due to him being a student at the school.

175. At all relevant times, the District and/or GNB Voc-Tech had a duty to protect Jacob by providing him with a safe educational environment, investigating any unsafe circumstances, notifying the appropriate authorities of any unsafe circumstances, and filing 51A reports as prescribed by law.

176. The District and/or GNB Voc-Tech breached its duty when the following occurred:

a.  Martins, an employee, grooming, sexually harassing, stalking, and sexually abusing Jacob, a minor student, and engaging in sexual violence, while she was acting on behalf of the District and/or GNB Voc-Tech;

a.  Failing to act with due care in the execution of any obligations it had under any statute, regulation, municipal ordinance or bylaw;

b.  Suppressing and/or failing to file 51A reports about the known sexual harassment;

c.  Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

d.  Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

e.  Retaining Martins as an employee;

f.  Failing to take any action with regards to Martins' grooming, sexual harassment, sexual abuse, and sexual violence;

g.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

h.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

i.  Ignoring the dangers Martins posed to Jacob;

j.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

31

k.  Failing to provide supportive measures to Jacob;

l.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

m.  Targeting and retaliating against Jacob after Martins left the school's employment.

177. It was reasonably foreseeable that, if it continued to retain Martins as an employee, did not investigate and report Martins' actions to DCF, took no actions regarding Martins' grooming, sexual harassment, stalking and/or sexual abuse, and otherwise suppressed the filing of a report with DCF, treated Jacob as a perpetrator rather than a victim who required support services, and/or retaliated against Jacob, allowing her to resign with no conditions, and allowing her to come into the school to bring Jacob food and come onto school property to pick Jacob up after school, that Martins would continue to groom, sexually harass, stalk, and sexually abuse Jacob and engage in sexual violence.

178. The District and/or GNB's failures to adhere to the handbook policies and implement said policies as they were mandated to do, caused and/or contributed to the sexual harassment and abuse of Jacob, a minor student, and the sexual violence towards Jacob.

179. The District and/or GNB Voc-Tech knowingly and/or intentionally disregarded the unreasonable risk that it was highly probable that if it engaged in the actions, as discussed herein, that Martins would continue to groom, sexually harass, stalk and sexually abuse Jacob and engage in sexual violence, and Jacob would be caused substantial harm.

180. As a direct and proximate result of the District's and/or GNB Voc-Tech's negligent, willful, wanton, and/or reckless actions, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, abandoned by the District and/or GNB Voc-Tech, retaliated against, and/or otherwise harmed, causing his untimely death on January 5, 2024.

181. The next of kin of the Decedent, Jacob P. Pothier are entitled to the fair monetary value of

the Decedent, including, but not limited to compensation for emotional distress, the loss of

the reasonably expected net income, services, protection, care, assistance, society,

companionship, comfort, guidance, counsel and advice of the Decedent and to the reasonable

medical, funeral and burial expenses incurred.

### COUNT XI - WILLFUL, WANTON, AND/OR RECKLESS PROTECTION OF A STUDENT
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

182. The Plaintiff incorporates herein paragraphs 1 through 181 from above.

183. At all relevant times, the District and/or GNB Voc-Tech had a special relationship with

Jacob due to him being a student at the school.

184. At all relevant times, the District and/or GNB Voc-Tech had a duty to protect Jacob by

providing him with a safe educational environment, investigating any unsafe circumstances,

notifying the appropriate authorities of any unsafe circumstances, and filing 51A reports as

prescribed by law.

185. The District and/or GNB Voc-Tech breached its duty when the following occurred:

   b. Martins, an employee, grooming, sexually harassing, stalking, and sexually abusing

   Jacob, a minor student, and engaging in sexual violence, while she was acting on

   behalf of the District and/or GNB Voc-Tech;

   a. Failing to act with due care in the execution of any obligations it had under any

   statute, regulation, municipal ordinance or bylaw;

   b. Suppressing and/or failing to file 51A reports about the known sexual harassment;

   c. Failing to adhere to the mandated policy of no sexual relationships between

   employees and students, and that such relationships are sexual harassment;

   d. Failing to execute, adhere to, and/or implement the policy with regards to reporting

sexual harassment of a minor student and conducting an investigation into the alleged

harassment of a minor student;

e.  Retaining Martins as an employee;

f.  Failing to take any action with regards to Martins' grooming, sexual harassment,

sexual abuse, and sexual violence;

g.  Allowing, disregarding, and condoning Martins' past and continued sexual

harassment, including quid pro quo sexual harassment, of Jacob;

h.  Allowing Martins to resign with no conditions and while she was under investigation

and failing to continue with the investigation and failing to complete the

investigation;

i.  Ignoring the dangers Martins posed to Jacob;

j.  Allowing, disregarding, and condoning Martins' continued sexual harassment of

Jacob after she was allowed to resign, by permitting Martins to come into the school

to bring him food and to pick him up from school;

k.  Failing to provide supportive measures to Jacob;

l.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

m.  Targeting and retaliating against Jacob after Martins left the school's employment.

186. It was reasonably foreseeable that, if it continued to retain Martins as an employee, did not

investigate and report Martins' actions to DCF, took no actions regarding Martins' grooming,

sexual harassment, stalking and/or sexual abuse, and otherwise suppressed the filing of a

report with DCF, treated Jacob as a perpetrator rather than a victim who required support

services, and/or retaliated against Jacob, allowing her to resign with no conditions, and

allowing her to come into the school to bring Jacob food and come onto school property to

pick Jacob up after school, that Martins would continue to groom, sexually harass, stalk, and sexually abuse Jacob and engage in sexual violence.

187. The District and/or GNB's failures to adhere to the handbook policies and implement said policies as they were mandated to do, caused and/or contributed to the sexual harassment and abuse of Jacob, a minor student, and the sexual violence towards Jacob.

188. The District and/or GNB Voc-Tech knowingly and/or intentionally disregarded the unreasonable risk that it was highly probable that if it engaged in the actions, as discussed herein, that Martins would continue to groom, sexually harass, stalk and sexually abuse Jacob and engage in sexual violence, and Jacob would be caused substantial harm.

189. As a direct and proximate result of the District's and/or GNB Voc-Tech's negligent, willful, wanton, and/or reckless actions, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, abandoned by the District and/or GNB Voc-Tech, retaliated against, and/or otherwise harmed, causing his untimely death on January 5, 2024.

190. The next of kin of the Decedent, Jacob P. Pothier are entitled to the fair monetary value of the Decedent, including, but not limited to compensation for emotional distress, the loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the Decedent and to the reasonable medical, funeral and burial expenses incurred.

### COUNT XII - NEGLIGENT RETENTION, TRAINING AND SUPERVISION OF AN EMPLOYEE
*(Against Greater New Bedford Regional Vocational Technical School District and Greater New Bedford Regional Vocational Technical High School)*

191. The Plaintiff incorporates herein paragraphs 1 through 190 from above.

192. At all times relevant herein, Jacob was a minor, had been induced into having unlawful sexual intercourse with Martins (who was almost thirty-years older than Jacob), and was a

sexually exploited child who was under the age of eighteen and had been trafficked for sexual servitude and had been unlawfully exhibited in a state of nudity for visual material.

193. At the time Martins began to groom, sexually harass, stalk, and/or sexually abuse Jacob, and otherwise engage in sexual violence towards Jacob, she was working at and in the school and within the scope of her employment with the District and/or GNB Voc-Tech.

194. At all times prior to, and during, the occurrence of said grooming, sexual harassment, sexual abuse, and/or sexual violence, the District and/or GNB Voc-Tech owed a duty to exercise reasonable care in its retention and/or supervision of employees who are brought into contact with students, including Jacob, at GNB Voc-Tech.

195. The District and/or GNB Voc-Tech knew or reasonably should have known that Martins was grooming, sexually harassing, stalking, and/or sexually abusing Jacob and otherwise engaging in sexual violence toward Jacob.

196. The District and/or GNB Voc-Tech breached its duty when the following occurred:

   a. Martins, an employee, grooming, sexually harassing, stalking, and sexually abusing Jacob, a minor student, and engaging in sexual violence, while she was acting on behalf of the District and/or GNB Voc-Tech;

   b. Failing to act with due care in the execution of any obligations it had under any statute, regulation, municipal ordinance or bylaw;

   c. Suppressing and/or failing to file 51A reports about the known sexual harassment;

   d. Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

   e. Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged

harassment of a minor student;

f.  Retaining Martins as an employee;

g.  Failing to take any action with regards to Martins' grooming, sexual harassment, sexual abuse, and sexual violence;

h.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

i.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

j.  Ignoring the dangers Martins posed to Jacob;

k.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

l.  Failing to provide supportive measures to Jacob;

m.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

n.  Targeting and retaliating against Jacob after Martins left the school's employment.

197. It was reasonably foreseeable that the above actions would result in Martins continuing to groom, sexually harass, stalk, and/or sexually abuse Jacob and engage in sexual violence, and that such conduct would also cause Jacob substantial harm.

198. The District's and/or GNB Voc-Tech's conduct caused and/or contributed to the sexual harassment and sexual abuse of Jacob, a minor, and sexual violence by Martins.

199. As a direct and proximate result of the District's and/or GNB Voc-Tech's breach, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence,

abandoned by the District and/or GNB Voc-Tech, and/or otherwise harmed, causing his

untimely death on January 5, 2024.

200. The next of kin of the Decedent, Jacob P. Pothier are entitled to the fair monetary value of

the Decedent, including, but not limited to compensation for emotional distress, the loss of

the reasonably expected net income, services, protection, care, assistance, society,

companionship, comfort, guidance, counsel and advice of the Decedent and to the reasonable

medical, funeral and burial expenses incurred.

### COUNT XIII - WRONGFUL DEATH IN VIOLATION OF
### M.G.L. C. 229, § 2
*(Against Greater New Bedford Regional Vocational Technical School District and*
*Greater New Bedford Regional Vocational Technical High School)*

201. The Plaintiff incorporates herein paragraphs 1 through 200 from above.

202. At all times relevant herein, Jacob was a minor who was almost thirty-years younger than

Martins, had been induced into having unlawful sexual intercourse with Martins, and was a

sexually exploited child who was under the age of eighteen and had been trafficked for

sexual servitude and had been unlawfully exhibited in a state of nudity for visual material.

203. Martins began to groom, sexually harass, stalk, and/or sexually abuse Jacob, and engage in

sexual violence while she was working at and in the school and within the scope of her

employment with the District and/or GNB Voc-Tech.

204. At all times prior to, and during, the occurrence of said grooming, sexual harassment, and

sexual abuse, and/or sexual violence, the District and/or GNB Voc-Tech owed a duty to

exercise reasonable care in its retention and/or supervision of employees who are brought

into contact with students at GNB Voc-Tech.

205. The District and/or GNB Voc-Tech knew or reasonably should have known that Martins

was grooming, sexually harassing, stalking, and/or sexually abusing Jacob and engaging in

sexual violence.

206. The District and/or GNB Voc-Tech breached its duty when the following occurred:

a.  Martins, an employee, grooming, sexually harassing, stalking, and sexually abusing Jacob, a minor student, and engaging in sexual violence, while she was acting on behalf of the District and/or GNB Voc-Tech;

b.  Failing to act with due care in the execution of any obligations it had under any statute, regulation, municipal ordinance or bylaw;

c.  Suppressing and/or failing to file 51A reports about the known sexual harassment;

d.  Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

e.  Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

f.  Retaining Martins as an employee;

g.  Failing to take any action with regards to Martins' grooming, sexual harassment, sexual abuse, and sexual violence;

h.  Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

i.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

j.  Ignoring the dangers Martins posed to Jacob;

k.  Allowing, disregarding, and condoning Martins' continued sexual harassment of

Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

l.   Failing to provide supportive measures to Jacob;

m.   Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

n.   Targeting and retaliating against Jacob after Martins left the school's employment.

207. It was reasonably foreseeable that the above actions would result in Martins continuing to groom, sexually harass, stalk, and/or sexually abuse Jacob and engage in sexual violence, and that such conduct would also cause Jacob substantial harm.

208. The District's and/or GNB Voc-Tech's conduct caused and/or contributed to the sexual harassment, sexual abuse of Jacob, a minor, sexual violence by Martins, and Jacob's death.

209. As a direct and proximate result of the District's and/or GNB Voc-Tech's breach, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, abandoned by the District and/or GNB Voc-Tech, and/or otherwise harmed, causing his untimely death on January 5, 2024.

210. As a direct and proximate result of the above-described acts, Jacob P. Pothier and his family were caused to incur medical bills, funeral and burial expenses, and were also caused to incur and continue to incur loss of wages and future earnings, and endure great conscious pain and suffering and emotional and mental distress and devastating personal loss.

211. As a direct and proximate result of the death of Jacob P. Pothier, his family have lost his society, comfort and care, and have suffered a devasting loss to their quality of life.

212. The next of kin of the Decedent, Jacob P. Pothier are entitled to the fair monetary value of the Decedent, including, but not limited to compensation for emotional distress, the loss of the reasonably expected earning capacity and net income, services, love, affection,

protection, care, assistance, society, companionship, comfort, guidance, counsel and advice

of the Decedent, to the reasonable medical, funeral and burial expenses incurred, and to

punitive damages, plus interest costs, attorney's fees, and any further relief the court may

deem proper.

### COUNT XIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Against Greater New Bedford Regional Vocational Technical School District and*
*Greater New Bedford Regional Vocational Technical High School)*

213. The Plaintiff incorporates herein paragraphs 1 through 212 from above.

214. The District and/or GNB Voc-Tech failed to use reasonable care and were otherwise

negligent.

215. Jacob suffered severe emotional distress, including physical harm.

216. The District's and/or GNB Voc-Tech's negligence and failure to use due care caused

Jacob's emotional distress.

217. It was reasonably foreseeable that the District's and/or GNB Voc-Tech's actions would

cause Jacob severe emotional distress.

218. A reasonable person would have suffered emotional distress under the circumstances.

### COUNT XV - VIOLATION OF THE DUE PROCESS CLAUSE OF THE
### FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION,
### THROUGH 42 U.S.C. § 1983
*(Against Watson, Markey, Williams, and Dennis)*

219. The Plaintiff incorporates herein paragraphs 1 through 218 from above.

220. The acts and omissions, as stated herein, were done by Watson, Markey, Williams, and/or

Dennis as individuals and also under the color of state laws and the pretenses of the statutes,

ordinances, regulations, customs and usages of the Commonwealth of Massachusetts and in

the rules, policies, and direction of the District and/or GNB Voc-Tech, having been clothed

with both actual and apparent authority by the governing body.

221. At all relevant times, Jacob had a right to bodily integrity.

222. Defendants Watson, Markey, Williams, and/or Dennis had a duty to exercise reasonable care in the selection, retention, and supervision of employees, and to implement proper policies, practices and/or customs, and to give effect to those policies, practices, and customs, that ensured an educational environment for Jacob that was free from sexual advances, sexual harassment, quid pro quo sexual harassment, sexual abuse, stalking, and retaliation by the District's and/or GNB Voc-Tech's employees, and to enforce the regulations, rules and laws necessary to protect Jacob from acts of sexual harassment and retaliation.

223. Defendants Watson, Markey, Williams, and/or Dennis were responsible, individually and/or through their agents for supervising Martins and all other District and/or GNB Voc-Tech employees.

224. Defendants Watson, Markey, Williams, and/or Dennis knew or reasonably should have known that Martins was engaging in inappropriate and/or sexual conduct with Jacob, and that such conduct exposed Jacob to deprivation of his constitutional rights.

225. Despite this knowledge, Defendants Watson, Markey, Williams, and/or Dennis, engaged in the following:

    a. Suppressing and/or failing to file 51A reports about the known sexual harassment;

    b. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports, when the sexual harassment was of a male;

    c. Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

    d. Failing to adhere to the mandated policy of no sexual relationships between

employees and students, and that such relationships are sexual harassment;

e. Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

f. Retaining Martins as an employee;

g. Failing to discipline Martins;

h. Failing to properly supervise Martins, and allowing, disregarding and condoning Martins' removing Jacob from class;

i. Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

j. Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

k. Ignoring the dangers Martins posed to Jacob;

l. Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

m. Failing to provide supportive measures to Jacob;

n. Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

o. Targeting and retaliating against Jacob after Martins left the school's employment.

226. Defendants Watson, Markey, Williams, and/or Dennis knowingly placed Jacob, an identifiable victim, in a position of danger by their actions and omissions.

227. Defendants Watson's, Markey's, Williams', and/or Dennis' actions condoned, encouraged,

and acquiesced Martins, and other staff member's behavior, and were grossly negligent.

228. Defendants Watson's, Markey's, Williams', and/or Dennis' actions and omissions amounted to deliberate indifference towards Jacob's constitutional rights and were grossly negligent.

229. Defendants Watson's, Markey's, Williams', and/or Dennis's actions and/or inactions were intentional, willful, reckless, callous, and resulted in a deprivation of Jacob's rights, privileges and immunities secured to him by the Constitution and the laws of the United States, including but not limited to, his rights to due process and to be free from sexual harassment and abuse by the Fourteenth Amendment of the Constitution, his right to privacy and abuse as provided by the Fourteenth Amendment of the Constitution, and his right to privacy and to be free from violations from bodily integrity as protected by the Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution, in violation of 42 U.S.C. § 1983.

230. As a result of the deprivations, Jacob suffered invasion of bodily integrity, was continually groomed, sexually harassed, sexually abused, stalked, abandoned, and/or otherwise harmed, causing his untimely death on January 5, 2024, and suffered physical injury, indignity, humiliation, severe emotional distress and mental anguish and loss of life.

### COUNT XVI - VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
#### *(Against Watson, Markey, Williams, and Dennis)*

231. The Plaintiff incorporates herein paragraphs 1 through 230 from above.

232. At all relevant times, Jacob had a right to Equal Protection of the Laws guaranteed by the Fourteenth Amendment to the United States Constitution.

233. Defendants Watson, Markey, Williams, and/or Dennis had a duty individually, and through their agents, to treat Jacob, a male student, equally and to provide him with equal access to

education.

234. Defendants Watson, Markey, Williams, and/or Dennis had authority over employees of the District and/or GNB Voc-Tech and had the responsibility to ensure that Jacob was protected from sexual harassment, sexual abuse, and retaliation by employees of the District and/or GNB Voc-Tech.

235. Employees of the District and/or GNB Voc-Tech, created a hostile education environment and denied him equal access to the school's education program and/or activities by engaging in the following acts and/or omissions:

    a. Martins' grooming, sexual harassment, sexual abuse, and sexual violence;

    b. Suppressing and/or failing to file 51A reports about the known sexual harassment;

    c. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports, when the sexual harassment was of a male;

    d. Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

    e. Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

    f. Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

    g. Retaining Martins as an employee;

    h. Failing to discipline Martins;

    i. Failing to supervise Martins;

j.  Allowing, disregarding, and condoning Martins' past and continued grooming, sexual harassment, sexual abuse, and sexual violence;

k.  Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

l.  Ignoring the dangers Martins posed to Jacob;

m.  Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring Jacob food and to come onto school property to pick him up from school;

n.  Failing to provide supportive measures to Jacob;

o.  Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

p.  Targeting and retaliating against Jacob after Martins left the school's employment.

236. By their acts and/or omissions, Defendants Watson, Markey, Williams, and/or Dennis knowingly placed Jacob, an identifiable victim, in a position of danger, subjected Jacob to more continued grooming, sexual harassment, sexual abuse, and sexual violence, condoned and acquiesced Martins' and other employees' actions, all of which violated Jacob's constitutional rights.

237. Defendants Watson's, Markey's, Williams', and/or Dennis' acts and/or omissions were callous, reckless, grossly negligent, so extreme and outrageous as to shock the conscience, and a reasonable official would foresee that his/her act and/or omissions would very likely violate Jacob's constitutional rights.

238. By their acts and/or omissions, Defendants Watson, Markey, Williams, and/or Dennis demonstrated deliberate indifference to the rights of Jacob, subjected Jacob to disparate

treatment, and affirmatively violated Jacob's Constitutional rights.

239. As a result of Defendants Watson's, Markey's, Williams', and/or Dennis' deliberate indifference, Jacob suffered violations of his constitutional rights, invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish and loss of life.

### COUNT XVII - VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12, § 11I
*(Against Watson, Markey, Williams, and Dennis)*

240. The Plaintiff incorporates herein paragraphs 1 through 239 from above.

241. The Massachusetts Civil Rights Act guarantees all persons freedom from interference by threats, intimidation or coercion, with the exercise and enjoyment of their rights secured by the Commonwealth or laws of the United States or the Commonwealth.

242. Defendants Watson, Markey, Williams, and/or Dennis violated Jacob's rights under state and federal law to be free from harassment, threats, intimidation, and/or coercion by subjecting Jacob to violations of his right to bodily integrity, by treating Jacob as a perpetrator who could be criminally charged and disciplined, rather than a victim, by providing no supportive measures to Jacob, and by retaliating against Jacob.

243. As a direct and proximate result of such deprivation, Jacob suffered invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish and loss of life.

### COUNT XVIII - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against Watson, Markey, Williams, and Dennis)*

244. The Plaintiff incorporates herein paragraphs 1 through 243 from above.

245. Defendants Watson, Markey, Williams, and/or Dennis engaged in conduct which they knew or reasonably should have known was likely to result in emotional distress, including calling

Jacob, the victim and who was seventeen at the time, to the front office, confronting him about the sex video, instructing him to empty his pockets, demanding that he turn over his cellphone to them, interrogating and threatening him, and telling Jacob that there would be consequences for him at school and that he could be charged criminally for possession of the sex video.

246. Defendants Watson's, Markey's, Williams', and/or Dennis' conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community.

247. As a direct and proximate cause of Watson's, Markey's, Williams', and/or Dennis' conduct, Jacob suffered severe emotional distress of a nature that no reasonable person could be expected to endure.

**COUNT XIX – LOSS OF CONSORTIUM,
THROUGH M.G.L. C. 231, § 85X**
***(Against Watson, Markey, Williams, and Dennis)***

248. The Plaintiff incorporates herein paragraphs 1 through 247 from above.

249. At all times relevant herein, Jacob P. Pothier was dependent upon his parents for support.

250. As the parents of Jacob P. Pothier, Jason Pothier and Stacey Pothier are proper parties to bring this action on their own behalf.

251. Defendants Watson, Markey, Williams and/or Dennis at all times relevant owed Jacob duties under the Due Process Clause, Equal Protection Clause, M.G.L. C. 12, § 11I, and common law.

252. Defendants Watson, Markey, Williams, and/or Dennis breached their duties to Jacob in the following manner:

    a.  Suppressing and/or failing to file 51A reports about the known sexual harassment;

b. Failing to properly train employees and/or discipline them for their failures with regards to their obligations to report such illegal behavior to the proper authorities, such as filing 51A reports, when the sexual harassment was of a male;

c. Failing to properly investigate and take action with regards to the known inappropriate relationship between Martins and Jacob;

d. Failing to adhere to the mandated policy of no sexual relationships between employees and students, and that such relationships are sexual harassment;

e. Failing to execute, adhere to, and/or implement the policy with regards to reporting sexual harassment of a minor student and conducting an investigation into the alleged harassment of a minor student;

f. Retaining Martins as an employee;

g. Failing to discipline Martins;

h. Failing to properly supervise Martins, and allowing, disregarding and condoning Martins' removing Jacob from class;

i. Allowing, disregarding, and condoning Martins' past and continued sexual harassment, including quid pro quo sexual harassment, of Jacob;

j. Allowing Martins to resign with no conditions and while she was under investigation and failing to continue with the investigation and failing to complete the investigation;

k. Ignoring the dangers Martins posed to Jacob;

l. Allowing, disregarding, and condoning Martins' continued sexual harassment of Jacob after she was allowed to resign, by permitting Martins to come into the school to bring him food and to pick him up from school;

  m. Failing to provide supportive measures to Jacob;

  n. Treating Jacob as a perpetrator that could be criminally charged and disciplined; and

  o. Targeting and retaliating against Jacob after Martins left the school's employment.

253. As a direct and proximate result of Defendants Watson's, Markey's, Williams' and/or Dennis' actions and/or inactions, Jacob suffered physical injury, including loss of life.

254. Jacob's parents are entitled to the fair monetary value of the loss of the reasonably expected earning capacity and net income, services, love, affection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of Jacob, to the reasonable medical, funeral and burial expenses incurred, and to punitive damages, plus interest costs, attorney's fees, and any further relief the court may deem proper.

### COUNT XX - VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
### (*Against Martins*)

255. The Plaintiff incorporates herein paragraphs 1 through 254 from above.

256. The acts and omissions, as stated herein, were done by Martins as an individual and also under the color of state laws and the pretenses of the statutes, ordinances, regulations, customs and usages of the Commonwealth of Massachusetts and in the rules, policies, and direction of the District and/or GNB Voc-Tech, having been clothed with both actual and apparent authority by the governing body.

257. At all relevant times, Jacob had a right to bodily integrity.

258. Defendant Martins' actions, of grooming, sexual harassment, sexual abuse, and sexual violence were extreme and egregious as to shock the conscience and were deliberately indifferent towards Jacob's constitutional rights.

259. As a direct and proximate result of the deprivations, Jacob suffered invasion of bodily

integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT XXI - VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, THROUGH 42 U.S.C. § 1983
#### (*Against Martins*)

260. The Plaintiff incorporates herein paragraphs 1 through 259 from above.

261. At all relevant times, Jacob had a right to Equal Protection of the Laws guaranteed by the Fourteenth Amendment to the United States Constitution.

262. Defendant Martins engaged in inappropriate sexual conduct with a male student and such conduct and/or the propensity for such conduct subjected Jacob to disparate treatment and interfered with Jacob's well-established constitutional rights to an equal education and subjected Jacob to a hostile education environment, all of which denied Jacob equal access to the school's education program and/or activity.

263. The violation of Jacob's federally protected right to equal protection of the laws was proximately caused by affirmative acts by Defendant Martins.

264. Defendant Martins' actions were callous, reckless, grossly negligent, and so extreme and egregious as to shock the conscience.

265. As a result of the deprivations, Jacob suffered invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish, and loss of life.

### COUNT XXII - VIOLATION OF THE CHILD ABUSE VICTIMS RIGHTS ACT, THROUGH 18 U.S.C. § 2255
#### (*Against Martins*)

266. The Plaintiff incorporates herein paragraphs 1 through 265 from above.

267. At all times relevant herein, Jacob was a minor who was almost thirty-years younger than Martins, having unlawful sexual intercourse with Martins, being sexually exploited, being

trafficked for sexual servitude, and being unlawfully exhibited in a state of nudity for visual material.

268. Jacob was a victim of violations of 18 U.S.C. § 2242, 18 U.S.C. § 2251, 18 U.S.C. § 2252A, and 18 U.S.C. § 2422.

269. As a direct and proximate result of Martins' unlawful actions, Jacob was continually groomed, sexually harassed, sexually abused, stalked, subject to sexual violence, and/or otherwise suffered personal injuries, including emotional distress and his untimely death on January 5, 2024.

270. The next of kin of the Decedent, Jacob P. Pothier are entitled to compensation for his actual damages and injuries, attorney's fees, costs, and punitive damages.

**COUNT XXIII - VIOLATION OF THE MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12, § 11I**
**(*Against Martins*)**

271. The Plaintiff incorporates herein paragraphs 1 through 270 from above.

272. The Massachusetts Civil Rights Act guarantees all persons freedom from interference by threats, intimidation or coercion, with the exercise and enjoyment of their rights secured by the Commonwealth or laws of the United States or the Commonwealth.

273. Defendant Martins violated Jacob's rights under state and federal law to be free from harassment, threats, intimidation and/or coercion by subjecting Jacob to violations of his right to bodily integrity, continually grooming, sexually harassing, sexually abusing, and stalking Jacob, and subjecting Jacob to sexual violence.

274. As a result of such deprivation, Jacob suffered invasion of bodily integrity, physical injury, indignity, humiliation, severe emotional distress, mental anguish and loss of life.

## COUNT XXIV - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (*Against Martins*)

275. The Plaintiff incorporates herein paragraphs 1 through 276 from above.

276. Following her resignation, Martins failed to use reasonable care and was otherwise negligent.

277. Jacob suffered severe emotional distress, including physical harm.

278. Martins' negligence and failure to use due care caused Jacob's emotional distress.

279. It was reasonably foreseeable that Martins' actions would cause Jacob severe emotional distress.

280. A reasonable person would have suffered emotional distress under the circumstances.

## COUNT XXV – LOSS OF CONSORTIUM,
### THROUGH M.G.L. C. 231, § 85X
### (*Against Martins*)

281. The Plaintiff incorporates herein paragraphs 1 through 280 from above.

282. At all times relevant herein, Jacob P. Pothier was dependent upon his parents for support.

283. As the parents of Jacob P. Pothier, Jason Pothier and Stacey Pothier are proper parties to bring this action on their own behalf.

284. Defendant Martins at all times relevant owed Jacob duties under the Due Process Clause, Equal Protection Clause, the Child Abuse Victims Rights Act M.G.L. c. 12, § 11I, and common law and/or otherwise violated the law.

285. Defendant Martins breached her duties to Jacob and/or violated the law by subjecting Jacob to violations of his right to bodily integrity, continually grooming, sexually harassing, sexually abusing, and stalking Jacob, and subjecting Jacob to sexual violence.

286. As a direct and proximate result of Defendant Martins' actions, Jacob suffered physical injury, including loss of life.

287. Jacob's parents are entitled to the fair monetary value of the loss of the reasonably expected earning capacity and net income, services, love, affection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of Jacob, to the reasonable medical, funeral and burial expenses incurred, and to punitive damages, plus interest costs, attorney's fees, and any further relief the court may deem proper.

## **REQUEST FOR RELIEF**

WHEREFORE, the Plaintiffs, Jennifer Cullen as the Personal Representative of the Estate of Jacob P. Pothier, Jason Pothier, and Stacey Pothier, demand judgment against the Defendants and full and substantial damages:

1. Compensatory damages, including but not limited to, reasonable funeral costs, medical costs, conscious pain and suffering, and emotional distress;

2. Wrongful Death damages, including emotional distress damages, loss of reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of Jacob and reasonable medical, funeral and burial expenses;

3. Loss of Consortium Damages, including the fair monetary value of the loss of the reasonably expected earning capacity and net income, services, love, affection, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of Jacob, to the reasonable medical, funeral and burial expenses incurred, and to punitive damages, plus interest costs, attorney's fees, and any further relief the court may deem proper.

4. Punitive Damages;

5.  Interest;

6.  Reasonable Attorneys' Fees;

7.  Litigation costs; and

8.  Any further relief which this Court deems proper.


## JURY DEMAND

The Plaintiffs demand a jury trial on all triable issues.


PLAINTIFFS,
JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
JASON POTHIER, and
STACEY POTHIER
By their Attorneys,

*/s/ Scott W. Lang*
Scott W. Lang, Esq. BBO #285720
Catherine B. Kramer, Esq. BBO #684876
Anastasia Kondrosov, Esq. BBO #713296
Lang, Xifaras & Bullard
115 Orchard Street
New Bedford, MA  02740
(508) 992-1270
swlang@lxblaw.com
cbkramer@lxblaw.com
akondrosov@lxblaw.com

Dated: April 4, 2025