**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts



| Jennifer Cullen, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:25-cv-10815-PS |
| Greater New Bedford Regional Vocational Technical School District, et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Massachusetts Department of Children and Families
651 Orchard Street, # 400, New Bedford, MA 02744

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
The documents as set forth in Schedule A, attached herein.

| Place: Lang, Xifaras & Bullard<br>115 Orchard Street<br>New Bedford, MA 02740 | Date and Time:<br>09/30/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/12/2025

*CLERK OF COURT*

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Jennifer Cullen, Jason Pothier, and Stacey Pothier, who issues or requests this subpoena, are:
Scott W. Lang, Esq.; Lang, Xifaras & Bullard; 115 Orchard Street; New Bedford, MA 02740

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-10815-PS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

**Bristol County Sheriff's Office   P.O. Box 8928   New Bedford, MA 02742-0928   (508) 992-6631**

Bristol, SS                                                                                         August 25, 2025

I hereby certify and return that on 8/22/2025 at 2:58 PM I served a true and attested copy of the Documents Only Subpoena, Schedule A in this action in the following manner: To wit, by delivering in hand to Paul Velho, agent, person in charge at the time of service for Massachusetts Department of Children and Families, 651 Orchard Street #400 New Bedford, MA 02744. Basic Service Fee ($30.00) Attest Fee ($5.00) Postage and Handling ($2.75) Copies ($2.00) Conveyance ($0.75) Travel ($22.70) Total: $63.20

*(signature)*                                                                                 *Robert Brassard*

**Deputy Sheriff Robert Brassard**                                                 **Deputy Sheriff**

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### INSTRUCTIONS

1. In responding to this subpoena, you are required to furnish all documents, including all electronically stored information, that are available to you, or that you may obtain by reasonable inquiry, including documents in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by, or connected with, you or your attorneys, or anyone else otherwise subject to your control.

2. If you object to the production of any of the documents or parts of the documents described above, then, in order to assist the Court in ruling on your objection, with respect to each document that you do not produce: (a) State the date and nature of the document; (b) State the name of the person who wrote the document and, if it is a letter, the person to whom it was addressed; (c) Describe the subject matter of the document; (d) State the grounds of your objection; and (e) State the name and business and residence address and telephone number of each person who has possession, custody, or control of the document.

### DEFINITIONS

1. The term "Jacob Pothier" shall mean an individual from New Bedford, Massachusetts and who was involved the January 5, 2024 motor vehicle accident, as defined herein.

2. The term "Kathleen Martins" or "Martins" shall mean Kathleen Martins, of or formerly of 114 Pearl Street, Dartmouth, MA 02748, regardless of what variation in name is used for such person, and any other person or entity acting on her behalf, including all employees, agents, and representatives.

3. The term the "District" shall mean the Greater New Bedford Regional Vocational Technical School District, located at 1121 Ashley Boulevard, New Bedford, MA 02745, regardless of what variation in name is used for such entities, and any other person or entity acting on both or one of their behalf, including all employees, agents, and/or representatives.

4. The term "School" shall mean the Greater New Bedford Regional Vocational Technical High School, located at 1121 Ashley Boulevard, New Bedford, MA 02745, regardless of what variation in name is used for such entities, and any other person or entity acting on both or one of their behalf, including all employees, agents, and/or representatives.

5. The term the "January 5, 2024 motor vehicle accident" shall mean the single car motor vehicle accident which occurred at approximately 10:35PM on January 5, 2024 at the intersection of Gulf and Smith Neck Roads in Dartmouth, Massachusetts and which you were involved in.

6. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34(a), which includes communication, electronic content, emails, text messages, notes, writings, postings, messages, drawings, graphs,

1

charts, photographs, phono-records, and other data compilations from which information can be obtained, or translated, if necessary, by the respondent, through detection devices into reasonably usable form, including e-mails, text messages and other electronic forms of such documents. A draft or non-identical copy is a separate document within the meaning of this term.

7. The terms "electronic" or "electronic content" shall mean all emails, text messages, voicemails, searches, posts, blogs, comments, public and private messages, photographs, and associated and collected metadata.

8. The term "communication" shall mean the transmittal of information (in the form of facts, opinions, ideas, inquiries, or otherwise).

9. The singular shall include the plural and the plural shall include the singular.

10. The term "concerning" means pertaining to, referring to, describing, offering evidence of, or constituting.

## DOCUMENTS SUBPOENAED

1. All 51A reports filed with you regarding Kathleen Martins.

2. All 51A reports filed with you regarding Jacob Pothier.

3. Any and all notes, investigations, investigation reports, emails, and/or documents or communications regarding any of the 51A reports produced in response to requests #1 and/or #2.

4. Any notes, investigation reports, investigation documents, reports, journals, communications, or other documents written, compiled by, or composed by any employee, representative, or agent of the Department of Children and Families, and which concern or relate to the January 5, 2024 motor vehicle accident, Jacob Pothier, and/or Kathleen Martins.

5. Any documents related to the January 5, 2024 motor vehicle accident.

6. Any documents regarding or concerning Jacob Pothier.

7. Any documents regarding or concerning Kathleen Martins.

8. Any documents regarding or concerning the District and/or School, and which pertain to Jacob Pothier and/or Kathleen Martins and/or the January 5, 2024 motor vehicle accident.

9. Any documents, communications, notes or otherwise with Kathleen Martins.

10. Any documents, communications, notes or otherwise with Jacob Pothier.

11. Any documents, communications, notes or otherwise with Jason Pothier and/or Stacey Pothier.

12. Any documents, communications, notes or otherwise with the District and/or School, and which pertain to and/or are concerning Jacob Pothier and/or Kathleen Martins.

13. Any documents, not otherwise requested herein, which concern and/or are regarding the January 5, 2024 motor vehicle accident, Jacob Pothier, and/or Kathleen Martins.