UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
et al.,
    Plaintiffs

vs.

GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT;
et al.,
    Defendants.

Case No: 1:25-cv-10815

### PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER RELATED TO ACTIONS WHICH ARE LIKELY TO LEAD TO THE SPOILATION OF EVIDENCE AND WITNESS INTIMIDATION
### *(Memorandum incorporated herein)*

Now come the Plaintiffs and request that this honorable Court issue an order ordering the Defendants to cease any and all actions which are likely to lead to the spoilation of evidence and witness intimidation.

I.    **FACTS**

This case arises out of an inappropriate sexual relationship that transpired between a student, Jacob Pohtier, and Defendant, Kathleen Martins while she was working at Greater New Bedford Regional Technical School District and/or Greater New Bedford Regional Vocational Technical High School as a Secuuriy guard.  Plaintiffs have alleged that Martins began to groom Pothier in the 2021-2022 School Year and that her continued grooming led to a sexual relationship between the two.  Plaintiffs have alleged that the District and School, their administrators, and employees knew about the relationship while Martins was working at the school and allowed Martins to further and continue the relationship unchecked.  Plaintiffs have also alleged that when, in January 2023, the District and School received a complaint about the

relationship, it failed to conduct a thorough investigation, allowed Martins to resign, failed to provide Jacob with support services, failed to ensure that Martins did not come onto the campus to continue to pursue Jacob, and failed to file additional 51A reports when Martins continued to pursue Jacob. Plaintiffs have alleged that the inappropriate relationship led to Jacob's untimely death on January 5, 2024.

## II.     ARGUMENT

This Court has discretion to issue a protective order related to discovery matters when good cause is shown. Fed. R. Civ. P. 26(c)(1). For the foregoing reasons, Plaintiffs have shown good cause that Defendants are engaging in actions which are likely to lead to witness intimidation and spoilation of evidence which is relevant to the matters at issue in this case.

"'[S]poliation is the intentional, negligent, or malicious destruction of relevant evidence.'" Hofer v. Gap, Inc., 516 F. Supp. 2d 161, 170 (D. Mass. 2007) (quoting Townsend v. Am. Insulated Panel Co., 174 F.R.D. 1, 4 (D. Mass. 1997)).

"Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2nd Cir. 1999) (citing Black's Law Dictionary 1401 (6th ed. 1990)). A litigant has a duty to preserve relevant evidence. Baliotis v. McNeil, 870 F. Supp. 1285, 1290 (M.D. Pa. 1994) (quoting Fire Insurance Exchange v. Zenith Radio Corp., 103 Nev. 648, 747 P.2d 911, 914 (Nev. 1987)); Allstate Ins. Co. v. Creative Environment Corp., 1994 U.S. Dist. LEXIS 13307, Civ. A. No. 92-0467 T, 1994 WL 499760 at *5 (D.R.I. Apr. 1, 1994).

Federal law prohibits anyone from engaging in activities which amount to tampering with a witness, victim, or informant. 18. U.S.C. § 1512, et seq. See e.g., U.S. v. Guardiola-Ramirez,

2008 U.S. Dist. LEXIS 12659 (Dst. P.R. March 8, 2006) (a conversation that was an attempt to persuade a witness to provide false information to a grand jury in order to avoid liability was witness tampering).  Tampering with a witness includes, but is not limited to, (1) knowingly using intimidation, threats, or corruption to persuade or attempt to persuade another person to influence, delay or prevent testimony, or induce the witness to withhold testimony or other evidence, 18 U.S.C. § 1512(b); and (2) corruptly obstruct, influence, or impede any official proceeding, 18 U.S.C. § 1512(c)(2).

Plaintiffs filed suit in this matter on April 3, 2025.  Since that date, the parties have exchanged initial disclosures and are engaging in written discovery and taken six depositions.

Just prior to taking depositions of District and/or School employees, it came to Plaintiffs' attention that an employee of the District and School, named Stephen Lopes was placed on Administrative Leave and is in jeopardy of losing his job because he refused to speak to Defendants' legal counsel in this matter.  See Exhibit 1, Affidavit of Stephen Lopes.

The events leading up to him being placed on Administrative Leave are, however, relevant to the development of the facts in this case and raise concerns as to their chilling effect on witnesses being truthful about their knowledge of the matters at issue in this case.

Mr. Lopes in his Affidavit states that he was walked off of the District and/or School campus because he refused to speak to Defendants' legal counsel.  Mr. Lopes also explains in his affidavit that prior to being walked off, and when he told Defendant Nancy Markey that he did not wish to speak to Defendants' legal counsel and that if he was questioned in this matter that he would tell the truth, Ms. Markey's response was, "Don't you want to protect the school".  Mr. Lopes reiterated that he would tell the truth.

3

The next day that Mr. Lopes worked, he was called to Defendant, Warley Williams' office, accused of attempting to get Mr. Willams and Defendant Michael Watson terminated, told that he was required to tell Mr. Williams everything he knows about this case and to speak to the District and/or School's legal counsel because he was a "mandated reporter." When Mr. Lopes still refused, he was placed on Administrative Leave.

Following Mr. Lopes being placed on Administrative Leave, colleagues of his have reached out to him and informed him that they do not want to end up on Leave and potentially terminated, like him; and that if called to testify in this matter, they are not going to risk their jobs and pensions and are going to provide testimony that protects the District and/or School in this case.

Also following Mr. Lopes being placed on Administrative Leave, a New Bedford Police Detective has attempted to call Mr. Lopes, claiming that he is investigating him regarding the Pothier case. The Detective has close relations with the District and School Administrators and has not returned phone calls to explain his assignment.

Defendants have engaged in deliberate, bad faith actions which are resulting in spoliation of evidence and tampering with witness testimony, through the intimidation of witnesses by sending a message to employees that if they are unwilling to speak to the District and/or School attorneys and/or to provide testimony which protects the District and School that an investigation will be opened and they could be terminated. Defendants' bad faith actions here have a chilling effect on their employees' testimony here, are highly prejudicial to Plaintiffs, and hinder the administration of justice in this matter. Defendants have engaged in these actions with the goal of intimidating witnesses and avoiding liability.

Having shown good cause, Plaintiffs seek a protective order from this Court regarding Defendants' continuing to act in such a manner. Plaintiffs do not seek to prevent Defendants from speaking to witnesses about facts and collecting information regarding the factual knowledge of employees. What Plaintiffs seek is to prevent Defendants from asking witnesses to "protect the school", "imply that a witness offering facts is going for the administrator's jobs", and threatening employees with discipline if they testify to having information about the facts at issue in this case as they violated the "mandated reporter" requirements, from requiring employees to speak to Defendants and/or their legal counsel, and from placing an employee on Administrative Leave for refusing to speak to Defendants and/or their legal counsel, playing the employee on Administrative Leave if the employee has testimony that is not favorable to the Defendants, and opening an investigation into the employee following any or all of the above events.

PLAINTIFFS REQUEST A HEARING ON THIS MOTION.

>PLAINTIFFS,
>JENNIFER CULLEN, as the Personal Representative of the Estate of Jacob P. Pothier,
>JASON POTHIER, and
>STACEY POTHIER
>By their Attorneys,
>
>*/s/ Catherine Kramer*
>Scott W. Lang, Esq. BBO #285720
>Catherine B. Kramer, Esq. BBO #684876
>Anastasia Kondrosov, Esq. BBO #713296
>Lang, Xifaras & Bullard
>115 Orchard Street
>New Bedford, MA  02740
>(508) 992-1270
>swlang@lxblaw.com
>cbkramer@lxblaw.com
>akondrosov@lxblaw.com

Dated: November 25, 2025

5

**CERTIFICATE OF SERVICE**

      I, Catherine Kramer, hereby certify that on November 25, 2025, the foregoing document was filed through the ECF system, and will be sent electronically to all registered participants as identified on the Notice of Electric Filing, and paper copies will be sent to those indicated as non-registered participants.

                                                     /s/ *Catherine Kramer*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

      I, Catherine Kramer, hereby certify that on November 24, 2025, Attorney Scott Lang and myself for the Plaintiffs and Attorney Robert Papandrea for the Defendants conferred in person as to the above motion and were unable to resolve the matter at issue or narrow the issue. Following the in-person meeting, and on that same day, further conferencing on the matter occurred via email and included the above-named counsel along with Attorney Anastasia Kondrasov for Plaintiffs and Attorney Gregory Manousos for Defendants.  The parties have been unable to resolve the dispute.

                                                     /s/ *Catherine Kramer*