# EXHIBIT 1

## AFFIDAVIT OF STEPHEN LOPES

I testify to the following:

1. I am a Teaching Assistant in the Welding/Metal Joining Department at Greater New Bedford Regional Vocational Technical High School ("Voc-Tech").

2. I have worked at Voc-Tech for eight years. I worked as a substitute for two years and then for the past six years, I have worked as a Teaching Assistant in the Welding/Metal Joining Department.

3. I never had Jacob Pothier as a student and did not know him. I did not know what he looked like until I saw his picture in the paper after the January, 2024 accident.

4. On October 30, 2025, Voc-Tech placed me on Administrative Leave without providing a reason on the Employee Action Form. That day, my badge and keys were taken from me by Principal Warley Williams. I then turned my computer into Vice-Principal Derek Medeiros and was walked off the Voc-Tech campus by Mr. Medeiros. I was told that I was not allowed to speak to any of my colleagues and that I was under investigation.

5. The week prior and on October 22, 2025, I received a message from Human Resources Director, Nancy Markey that the school's attorneys want to talk to me. I did not respond to the message. See Exhibit A.

6. The next Monday, Nancy Markey came to see me in person in the Welding Department. She said the me something to the effect of "We've always been good and been open and honest with each other." She also asked me why I hadn't responded to her message. I told her that I do not feel comfortable speaking with the school's attorneys. Ms. Markey told me that I was being subpoenaed by Attorney Scott Lang for a deposition. I asked her if anyone else was being subpoenaed. During the Monday conversation, I told her that I was always going to tell the truth if I was questioned. Ms. Markey asked me "Why wouldn't you want to help the school?" and "You're not going to protect the school?" I reiterated that I would tell the truth if I was asked questions. Ms. Markey then left. During this conversation, I did not have union representation nor was I offered or asked whether I wanted union representation.

7. After receiving the email from Ms. Markey, I spoke to a union representative and asked whether or not I was required to speak to the school's attorneys. I was told by the union representative that I was not required to speak to the lawyers.

8. I have since learned that Attorney Lang had not and has not subpoenaed me for a deposition.

9. The next day, Tuesday, I took a personal day to attend a funeral. When I returned on Wednesday, I was informed by one of the Welding teachers that on the Tuesday that I was

out that Mr. Williams came down to the Welding shop looking for me and in a serious tone was adamant about speaking with me.

10. On Wednesday morning, Ms. Markey called the Welding Department and informed me that I was to report immediately to Ms. Wiliams' office. Upon arrival to the front office, a union representative, Kelly Martin approached me and told me that I was going to go to answer questions that Mr. Williams had. Mr. Williams asked me whether I was going for his, Superintendent Watson's, and the other administrators' jobs. I told Mr. Williams that I believe he was taking that out of context. I explained to Mr. Williams that Ms. Markey had previously asked me how damaging I believed the information that I had was and I told her that I believed that it could lead to the top administrators losing their jobs. I also told Mr. Williams that if I was asked questions under oath, that I would tell the truth about that I know. Mr. Williams also said to me that if I had information about the case that I was required to tell the school because "I am a mandated reporter." Mr. Williams presented me with an Employee Action Form, see exhibit B, and informed me that I was being placed on leave, took my school badge and keys, and then had Mr. Medeiros get my computer and escort me off the campus.

11. I am aware that I am a mandated reporter, but I do not know if that law requires me to disclose information, after the fact, to lawyers who are representing the school in a civil lawsuit and/or to school officials that are seeking information for the civil lawsuit.

12. It is my understanding that I am on Administrative Leave because I allegedly did not speak to the school's attorneys.

13. I did, in both 2023 and 2024, inform Ms. Markey about what I knew about the relationship that Ms. Martins was allegedly having with a student.

14. Since being put on Administrative Leave, some of my colleagues have reached out to me and informed me that school employees know I am on leave and that due to me being on leave other employees are taking the position that they know nothing about Jacob Pothier matter, even if they do have information.

15. Also, since being placed on Administrative Leave, I have had a detective from the New Bedford Police Department reach out to me and inform me that he is investigating the incidents that have led to me being placed on Administrative Leave.

16. I believe that Voc-Tech is attempting to place full blame upon me for their actions related to the Jacob Pothier matter.

17. I also believe that Voc-Tech is attempting to send a message to all other Voc-Tech employees that if they do not cooperate and protect the school in the civil lawsuit that what they are doing to me will also happen to them.

Signed under the pains and penalties of perjury this 19th day of November, 2025.

_____

Stephen Lopes

## COMMONWEALTH OF MASSACHUSETTS

Bristol, ss.

On this 19th day of November, 2025, before me, the undersigned, notary public, personally appeared STEPHEN LOPES proved to me through satisfactory evidence of identification, which was Massachusetts Driver's License, to be the person whose name is signed on the preceding or attached document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.

_____

Notary Public:
My commission expires:

JOANNE K. PLATT
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
August 30, 2030

3

# EXHIBIT A

11:44



**quick call** External Inbox

M  **Markey, Nancy** Oct 22
to me, Papandrea

Hi Steve:

Our attorneys in the Jacob Pothier litigation would like to have a quick call with you to ask you some questions.  (Don't worry, you are just one of many people they are reaching out to, don't read anything into this email).

When is a good time to schedule the call.  They would like it to be this week, if you are available.

↩  « Reply all    → Forward

# EXHIBIT B

# GREATER NEW BEDFORD REGIONAL
## VOCATIONAL TECHNICAL HIGH SCHOOL

### EMPLOYEE ACTION FORM

EMPLOYEE'S NAME: _Steve Lopes_     DEPT: _Welding_

**REASON FOR ACTION:**     Check all that apply
- ☐ Inappropriate Work behavior
- ☐ Refusal to Perform Assigned Work
- ☐ Insubordination
- ☐ Fail/Refuse Drug Test
- ☐ Failure to comply with safety policy
- ☑ Other:

- ☐ Excessive Absence or Lateness
- ☐ Violation of Department Rules
- ☐ Failure to perform work in accordance with Department standards or expectations

**DESCRIPTION OF INCIDENT** - Provide in a complete but concise manner, relevant information regarding employee's actions, or behaviors displayed. (Attach sheet if needed).

_Paid leave pending Investigation_

**Non-Disciplinary Action**
- ☑ Paid Administrative Leave
- ☐ Counseling/Re-education
- ☐ Written Reminder of policy or procedure
- ☐ Other

**Disciplinary Action**
- ☐ Verbal Warning
- ☐ Written Warning/Reprimand
- ☐ Unpaid Suspension _____ Days
- ☐ Other

☐ Employee prior disciplinary action/notice (within last 2 years)

**CORRECTIVE ACTION TO BE TAKEN:**
_Do not come on property or speak to other employees regarding investigation (except union rep)_

EMPLOYEE'S SIGNATURE: _Stephen Lopes_     DATE: _10/29/25_

DISTRICT REPRESENTATIVE SIGNATURE _____     DATE: _10/29/2025_

This document shall serve as a Written Record to the Employee regarding the described conduct. The employee is advised that further violations of rules, regulations or policies may result in further discipline, up to and including suspension from work and/or termination of employment.

- ☑ Copy to Union
- ☐ Union representation waived by employee
- ☐ Union representative not required
- ☐ Union Representative present

- ☐ Employee met with Supervisor - Date: _____
- ☐ Employee offered EAP
- ☐ HR copy
- ☐ File