UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
et al.,
    Plaintiffs

vs.

GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT;
et al.,
    Defendants.

Case No: 1:25-cv-10815

## DEFENDANTS' PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

Defendants Greater New Bedford Regional Vocational Technical School District, Greater New Bedford Regional Vocational Technical High School (the "School"), Michael Watson, Nancy Markey, Warley Williams, and Yolanda Dennis ("Defendants") hereby submit this partial opposition to Plaintiffs' Motion for a Protective Order (the "Motion").

Plaintiffs claim that Defendants have engaged in improper interactions with a witness, and they seek an order to "protect the integrity of witness testimony." Specifically, Plaintiffs seek an order to "prevent Defendants from asking witnesses to 'protect the school', 'imply that a witness offering facts is going for the administrator's jobs', and threatening employees with discipline if they testify to having information about the facts at issue in this case as they violated the 'mandated reporter' requirements, from requiring employees to speak with Defendants and/or their legal counsel, and from placing an employee on Administrative Leave for refusing to speak with Defendants and/or their legal counsel, playing [*sic*] the employee on Administrative Leave

1

if the employee has testimony that is not favorable to the Defendants, and opening an investigation into the employee following any or all of these events."

Defendants have engaged in no such conduct, and their interactions with the witness in question were entirely appropriate given that he made statements suggesting that he was aware of a sexual relationship between Jacob Pothier and Kathleen Martins while it was occurring, and that he intentionally failed to report it to the School as he was required to do given his role as a mandatory reporter. The witness claimed that he kept this information to himself because he considered it "leverage" and his "ace in the hole" in case he was ever in trouble with the School's administration. The witness's statement was appropriately of substantial and immediate concern to School administrators, given the School's strict obligation to make a report to appropriate authorities any time the School is on reasonable notice of ongoing abuse and neglect of a student.

Since Defendants did not engage in any improper conduct, Defendants contest that the issuance of a protective order is warranted or appropriate. That said, since Defendants have not engaged in inappropriate conduct to be proscribed by the protective order sought by Plaintiffs, and since Defendants have no intention in engaging in such conduct, Defendants do not oppose significant portions of the Motion. Specifically, Defendants do not oppose the issuance of an order that Defendants shall not engage in the following conduct regarding discovery in this matter: (1) ask witnesses to protect the School; (2) imply that a witness offering facts is going for the administrators' jobs; (3) place employees on administrative leave for refusing to speak with Defendants or legal counsel; (4) place employees on administrative leave because the employee has testimony that is not favorable to the Defendants; (5) open investigations into employees due to any of these events; and (6) retaliate against any employee as a result of the employee's answers to any inquiries by the School. Defendants oppose the remaining relief sought by

2

Plaintiffs, including an order that would prevent the School from: (a) disciplining employees if they reveal that they violated mandatory reporter requirements, (b) requiring employees to speak with either Defendants or legal counsel, and (c) investigating employees for failing to satisfy mandatory reporter requirements. Such an order would be inconsistent with the School's obligations under M.G.L. ch. 119, § 51A, and Defendants should be able to require employees to speak with Defendants or legal counsel about appropriate matters related to this litigation or to matters of importance involving the School.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

In this lawsuit, Plaintiffs allege that Kathleen Martins, a former security officer for the School, and Jacob Pothier engaged in a sexual relationship while Martins was employed by the School. Plaintiffs allege that, among other claims, Defendants violated Pothier's constitutional rights and exhibited deliberate indifference to Martins' alleged sexual harassment and abuse of him. Plaintiffs further allege that Defendants are ultimately responsible for Pothier's death in a car accident nearly a year after Martins was separated from employment at the School. The parties are well into discovery, having exchanged numerous documents and taken eight depositions to date.

Discovery exchanged to date demonstrates that allegations of inappropriate conduct involving Martins and Pothier first came to the School's attention on or about January 23, 2023, from a teacher who reported that her half-sister, who is related to Pothier, informed her of the alleged relationship. The School immediately placed Martins on administrative leave pending investigation and oversaw the filing of multiple reports pursuant to § 51A, governing the obligations of mandated reporters in situations involving potential abuse and neglect of children. Although both Martins and Pothier denied having any form of inappropriate relationship, the

School obtained evidence of, and Martins eventually admitted to, behaviors that crossed professional boundaries. Accordingly, the School informed Martins on February 27, 2023, that it intended to terminate her employment. She then resigned on March 6, 2023, in lieu of termination.

Relevant to this Motion, after a deposition on October 14, 2025, Plaintiffs' counsel verbally represented to Defendants' counsel that two videos exist depicting Martins and Pothier engaged in sexual acts, and that a teacher for the School viewed one of these videos and reported it to an administrator. Plaintiffs' counsel declined to disclose the identity of the teacher who saw the alleged video or the administrator to whom the teacher allegedly reported the video. However, Jennifer Cullen ("Cullen") in an interrogatory response provided a list of nine teachers or teaching assistants she believes possess knowledge relevant to the case. Teaching Assistant Stephen Lopes ("Lopes") was included in this list.

Defendants sought to investigate this claim by speaking with the individuals listed in Cullen's interrogatory response. On October 22, 2025, Human Resources Director Nancy Markey sent Lopes an email that was not threatening in any way, stating that Defendants' attorneys wished to speak with him, that he was one of several people to whom they wished to speak, and that he had no reason to worry. *See* Ex. 1 to Lopes Affidavit. After he did not respond, Ms. Markey approached Lopes in person on October 23, 2025, to follow up. *See* **Exhibit A**, Affidavit of Nancy Markey.

Lopes told Ms. Markey that he did not want to talk to the School's attorneys, and Ms. Markey replied that he did not need to.[1] *Id*. He then disclosed that a then-employee at the School asked him for his "copy of the sex video" and said that he would not provide it to the employee

---

[1] Notably, Mr. Lopes was not the only listed employee who declined to speak to legal counsel, and the other employee has not been placed on administrative leave or subjected to disciplinary consequences. *Id*.

4

because he would lose his "leverage." *Id*. This was the first time Ms. Markey had ever heard of a first-hand account of an alleged "sex video." *Id*. Lopes claimed to have never told Ms. Markey about or showed her the video, because, according to Lopes, it was his "ace in the hole," as if he was ever to be fired, "he would use the video to get the administration fired." *Id*. Lopes' statements were highly concerning to Ms. Markey, as Lopes – a mandated reporter under § 51A, admitted to possessing a video of a School employee engaging in ongoing inappropriate behavior towards a minor student and that he made a conscious decision to withhold his knowledge of the alleged video because he believed it provided him "leverage." Since this type of conduct was clearly the type of conduct that required consideration of disciplinary action, Ms. Markey then disclosed the substance of her conversation with Lopes with Principal Warley Williams. *Id*.

     Mr. Williams formally interviewed Lopes on October 29, 2025, with Human Resources Assistant Pamela Smith serving as a witness and notetaker, to discuss his actions. *See* **Exhibit B**, Affidavit of Warley Williams. During this interview, Lopes recanted his prior statements, this time stating that he never possessed or saw an alleged video. *Id*. However, he stated that he heard rumors that Martins and Pothier were in a relationship prior to when Martins was placed on administrative leave, including that Pothier was bragging to other students about the alleged relationship, and that there was a video depicting Martins and Jacobs. *Id*. Despite hearing rumors of a sexual video involving Martins and a student at a time when Martins was employed at the School, Lopes admitted that he did not tell anyone. *Id*. Mr. Williams directly asked Lopes if he believed that he should have reported the video, and he stated that he would not report "a rumor." *Id*. He also continued to describe this alleged video as "leverage" and an "ace in the hole." *Id*. Due to Lopes' statements that he did not report information suggesting that a student and employee were in a relationship, and that if confronted with similar situations in the future he

would not act differently, Mr. Williams placed Lopes on paid administrative leave pending further investigation and potential disciplinary action. *Id*.

Plaintiffs' counsel subsequently contacted counsel for Defendants to express concern about the fact that Lopes had been placed on leave, suggesting that the School was attempting to intimidate witnesses and chill testimony and their investigation into the claims. Defendants' counsel expressed its disagreement with Plaintiffs' suggestions, asserting that the School acted appropriately given Lopes' conduct. Plaintiffs' counsel then indicated that they would seek a protective order arising from this situation.

II. **PLAINTIFFS HAVE NOT SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER PROHIBITING THE SCHOOL FROM INVESTIGATING AND ADDRESSING SUSPECTED ABUSE AND NEGLECT OF A CHILD**

Plaintiffs have not shown good cause to issue a protective order that would prohibit the School from investigating and addressing suspected abuse and neglect of a child. Such an order would be inconsistent with the School's obligations under § 51A, which require mandated reports to investigate and report such conduct. M.G.L. ch. 119, § 51A; *Sullivan v. Town of Walpole, MA*, No. CV 20-10484-GAO, 2023 WL 2696533, at *2 (D. Mass. Mar. 29, 2023) ("Section 51A requires mandatory reporters to investigate thoroughly where there is 'reasonable cause to believe that a child is suffering physical or emotional injury.'"). Moreover, the facts demonstrate that School administrators acted entirely appropriately when Lopes reported that he was on reasonable notice of the potential ongoing abuse and neglect of a student and intentionally failed to report it. As such, Defendants vehemently disagree with Plaintiffs' assertion that Defendants are engaging in deliberate, bad faith actions "with the goal of intimidating witnesses." "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

Plaintiffs fail to make a particularized factual demonstration of a risk of harm, and instead merely rely on Lopes' conclusory statements. Plaintiffs assert that Lopes was placed on administrative leave because he refused to speak to Defendants' legal counsel, which is simply untrue. Another person employed by the School, apart from Lopes, also declined to speak to Defendants' legal counsel, and this other employee has not been placed on administrative leave or been subjected to disciplinary action for declining to speak with legal counsel. *See* **Exhibit A**. Rather, Lopes was placed on administrative leave due to his own troubling statements about possessing a sex video of a minor student and former employee, failing to report the alleged video to the School because he viewed it as leverage or an "ace in the hole," and failing to inform the School of information about an alleged relationship while Martins was still working at the School. These are legitimate reasons to take such actions with respect to Lopes, and not an effort to intimidate witnesses and tamper with testimony as Plaintiffs suggest. The School would have taken precisely the same action even in the absence of pending litigation, given its clear obligations under § 51A.

The relief Plaintiffs seek is overbroad and would inhibit the School's ability to provide a safe environment for its students. It is the School's responsibility to maintain a safe educational environment for its students, and an order preventing Defendants from investigating and taking disciplinary action if Defendants learn that employees violated their duties as mandated reporters would frustrate this responsibility, particularly given the extreme nature of Lopes' admissions. In addition, the School may at times need to speak with employees for a variety of reasons, and an order preventing the School from requiring employees to speak with its administrators, as requested by Plaintiffs, would also frustrate the School's operations.

As noted above, while Defendants strongly disagree that they have engaged in any conduct requiring the issuance of a protective order, Defendants would not oppose the entry of an order on the following items sought by Plaintiffs, as Defendants have not and would not engage in such behavior in any event: (1) asking witnesses to protect the School; (2) implying that a witness offering facts is going for the administrators' jobs; (3) placing employees on administrative leave for refusing to speak with Defendants or legal counsel; (4) placing employees on administrative leave because the employee has testimony that is not favorable to the Defendants; (5) opening investigations into employees due to any of these events; and (6) retaliating against any employee as a result of the employee's answers to any inquiries by the School.

For these reasons, the Court should deny Plaintiffs' the portions of Plaintiffs' Motion opposed by Defendants.

Respectfully Submitted,

DEFENDANTS GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL SCHOOL DISTRICT, GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL, MICHAEL WATSON, NANCY MARKEY, WARLEY WILLIAMS, and YOLANDA DENNIS.

By their attorneys,

*/s/ Robert Papandrea*
Gregory A. Manousos, BBO # 631455
Robert Papandrea, BBO # 711504
Morgan, Brown & Joy, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
Phone: (617) 523-6666
Fax: (617) 367-3125
gmanousos@morganbrown.com
rpapandrea@morganbrown.com

Dated: December 10, 2025

## **CERTIFICATE OF SERVICE**

      I, Robert Papandrea, Esq., do hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

Dated:  December 10, 2025                                                  */s/ Robert Papandrea*
                                                                                  Robert Papandrea