# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
et al.,
    Plaintiffs

vs.

GREATER NEW BEDFORD REGIONAL
VOCATIONAL TECHNICAL SCHOOL DISTRICT;
et al.,
    Defendants.

Case No: 1:25-cv-10815

## AFFIDAVIT OF NANCY MARKEY

I, Nancy Markey, hereby depose and state the following:

1. I am over the age of eighteen (18) and understand the meaning and obligation of an oath.

2. I have personal knowledge of, and am competent to testify to, the matters stated herein.

3. I am employed by Greater New Bedford Regional Vocational Technical High School (the "School") as its Human Resources Director.

4. On October 22, 2025, I sent emails to several School employees to ask them if they were willing to speak with the School's attorneys, including Teaching Assistant Stephen Lopes.

5. One employee I sent an email to ("Employee A") informed me that they did not want to speak with the School's attorneys. I told Employee A that this was fine and did not pursue the matter further. Employee A has not been placed on administrative leave or been subjected to any form of disciplinary action for declining to speak with the School's attorneys.

6. Steven Lopes did not respond to my October 22, 2025, email.

7. The following day, on October 23, 2025, I approached Mr. Lopes to follow up in person about my email.

8. Mr. Lopes told me that he did not want to speak with the School's attorneys.

9. I did not ask Lopes to protect the School, or why he did not want to help or protect the School. Rather, he volunteered that he did not want to help the School.

10. In response, I told Mr. Lopes that he did not have to speak to the attorneys, but that his name was brought up as someone to speak to.

11. Mr. Lopes told me that he thought a then- employee ("Employee B") had identified him because Employee B had asked him for his copy of "the sex video." I had never heard any firsthand account of anyone seeing or possessing any "sex video" but believed he must have been referring to a video depicting Jacob Pothier and Kathleen Martins engaging in sexual acts. Mr. Lopes explained that he could not give Employee B the video, because then Employee B would have leverage and he would lose his "leverage."

12. I confirmed with Mr. Lopes that he was referring to a video with Jacob Pothier and Kathleen Martins and asked him where he was keeping the video. He told me it was on his phone.

13. Mr. Lopes initially claimed that he told me that there was a video but then admitted that he never told me that he either viewed or possessed the video.

14. Mr. Lopes stated that he could not tell me about or show me the video because it was his "leverage" or "ace in the hole." He explained that if we tried to fire him, he would use the video to get the administration fired.

15. When I asked him to show me or provide me with the video, he refused but reiterated that it was on his phone.

16. I asked him to describe what was on the video and he described what he had seen on the video. I again asked him to show me the video, and he refused.

17. I subsequently informed Principal Warley Williams about the details of my conversation with Mr. Lopes.

Signed under the pains and penalties of perjury this 9th day of December, 2025

*Nancy M. Markey*
Nancy Markey