UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JENNIFER CULLEN, as the Personal
Representative of the Estate of Jacob P. Pothier,
JASON POTHIER, AND                                    Case No: 1:25-cv-10815
STACEY POTHIER,
    Plaintiffs

vs.

GREATER NEW BEDFORD REGIONAL VOCATIONAL
TECHNICAL SCHOOL DISTRICT; GREATER NEW
BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH
SCHOOL;
MICHAEL WATSON, individually and as the Superintendent of
Greater New Bedford Regional Vocational Technical School
District and/or Greater New Bedford Regional Vocational
Technical High School;
NANCY MARKEY, individually and as the Human Resources
Director of Greater New Bedford Regional Vocational Technical
School District and/or Greater New Bedford Regional Vocational
Technical High School;
WARLEY WILLIAMS, individually and as the Principal of
Greater New Bedford Regional Vocational Technical High School
and/or an employee of Greater New Bedford Regional Vocational
Technical School District;
YOLANDA DENNIS, individually and as the Executive Director
of Equity, Diversity, Inclusion, and Family Engagement of Greater
New Bedford Regional Vocational Technical School District
and/or Greater New Bedford Regional Vocational Technical High
School, AND
KATHLEEN MARTINS, individually and as
an employee/former employee of Greater New Bedford
Regional Vocational Technical School District and/or
Greater New Bedford Regional Vocational Technical
High School,
    Defendants.

## DEFENDANTS' UNOPPOSED MOTION FOR LEAVE FOR ALTERNATIVE SERVICE OF SUBPOENA

Defendants Greater New Bedford Regional Vocational Technical School District, Greater New Bedford Regional Vocational Technical High School (the "School"), Michael Watson, Nancy Markey, Warley Williams, and Yolanda Dennis (collectively, "Defendants"), hereby move the Court for an order permitting Defendants to serve a subpoena on a witness, Mr. Stephen Lopes ("Lopes"), via first-class mail, for the reasons discussed herein.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

In this lawsuit, Plaintiffs allege that Kathleen Martins ("Martins"), a former security officer for the School, and Jacob Pothier ("Pothier") engaged in a sexual relationship while Martins was employed by the School. Plaintiffs allege that, among other claims, Defendants violated Pothier's constitutional rights, exhibited deliberate indifference to Martins' alleged sexual harassment and abuse of him, and that Defendants are ultimately responsive for Pothier's death in a car accident nearly a year after Martins' separation.

The manner through which Lopes came to Defendants' attention, his interactions with Defendants, and the School's placing of Lopes on paid administrative leave pending further investigation and potential disciplinary action was discussed in Defendants' Partial Opposition to Plaintiffs' Motion for a Protective Order. *See* Dkt. No. 47, pp. 4-6. For purposes of this Motion, Lopes is former employee of the School who has discoverable information about key facts in this case, including the knowledge of various individuals about Martins' alleged relationship with Pothier and the timing of such knowledge.

Relevant to this Motion, on November 13, 2025, a process server attempted to serve a subpoena on Lopes at his home. *See* **Exhibit A**, November 14, 2025 Proof of Service. During the first attempt, the process server heard a male voice speaking on what sounded like a phone

1

conversation, but no one answered the door despite the process server ringing the buzzer for the apartment several times. *Id*. On November 14, 2025, the process server made a second attempt at personal service, but when he was unsuccessful, he left the subpoena at Lopes' last and usual place of abode. *Id*.

On or about November 17, 2025, Plaintiffs' counsel informed the undersigned that they were able to reach Lopes, and that he would be attending his deposition as Defendants had noticed, on December 1, 2025. On November 30, 2025, Plaintiffs' counsel requested to postpone Lopes' deposition due to a sudden medical procedure. Defendants assented to this request. After agreeing to postpone the deposition, Defendants' counsel made several attempts to coordinate with Plaintiffs' counsel to reschedule Lopes' deposition. In a letter dated January 21, 2026, Plaintiffs' counsel informed the undersigned that they do not represent Lopes and had not spoken to him recently.

Accordingly, the process server attempted to serve a subpoena on Lopes a third time, on January 28, 2026. See **Exhibit B**, January 28, 2026 Proof of Service. The subpoena commands Lopes to appear for a deposition on March 12, 2026, and bring with him any documents regarding or referencing Pothier or Martins. Once again, the attempt at service of the subpoena on Lopes was unsuccessful. *Id*.

## II.     THERE IS GOOD CAUSE TO GRANT DEFENDANTS LEAVE TO SERVE THE SUBPOENA VIA FIRST-CLASS MAIL

Fed. R. Civ. P. 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person." "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." *Civelli v. J.P. Morgan Securities*, LLC, No. 2:21-mc-00163-JCN, 2021 WL 2853647, at *2 (D. Me. Jul. 8, 2021) (quotation omitted). "However, a growing number of courts have approved alternative service of a subpoena so long as service is calculated to provide

2

timely actual notice." *Bloom v. Campbell*, No. CV 24-10339-RGS, 2025 WL 1859382, at *1 (D. Mass. June 17, 2025) (citations omitted). Courts typically approve alternative service where the requesting party can demonstrate prior diligent attempts to personally serve before seeking alternative service. *Id*.

As previously discussed, Defendants have made three attempts to personally serve subpoenas on Lopes, and all three attempts were unsuccessful. *See* **Exhibits A-B**. Defendants do not believe that further attempts will be successful, as on the process server's first attempt, he heard a male voice speaking on the phone inside, but nobody answered the door. *See* **Exhibit A**.

Courts acknowledge that "*the obvious purpose of Rule 45(b) is to mandate effective notice* to the subpoenaed party, rather than slavishly adhere to one particular type of service." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litig.*, No. MDL 13-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013) (quotation omitted) (emphasis in the original). Mr. Lopes received the prior subpoena left at his home, evidenced by his agreement to attend his deposition the first time Defendants scheduled it. Therefore, sending the subpoena via first-class mail will sufficiently guarantee Lopes' receipt of the subpoena.

WHEREFORE, for the reasons provided herein, Defendants respectfully request that the Court enter an order permitting Defendants to serve a subpoena on Lopes via first-class mail. Plaintiffs do not oppose this Motion.

Respectfully submitted,

DEFENDANTS GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL SCHOOL DISTRICT, GREATER NEW BEDFORD REGIONAL VOCATIONAL TECHNICAL HIGH SCHOOL, MICHAEL WATSON, NANCY MARKEY, WARLEY WILLIAMS, and YOLANDA DENNIS.

By their attorneys,

*/s/ Robert Papandrea*
Gregory A. Manousos, BBO # 631455
Robert Papandrea, BBO # 711504
Morgan, Brown & Joy, LLP
28 State Street, 16th Floor
Boston, MA 02109-2605
Phone: (617) 523-6666
Fax: (617) 367-3125
gmanousos@morganbrown.com
rpapandrea@morganbrown.com

Dated: February 2, 2026

4

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1**

 I hereby certify that on January 29, 2026, I sent an email to Plaintiffs' counsel for the purpose of attempting in good faith to resolve or narrow the issues in dispute. On January 30, 2026, Plaintiff's counsel informed me that they will not oppose this Motion.

               */s/ Robert Papandrea*
               Robert Papandrea


**CERTIFICATE OF SERVICE**

 I, Robert Papandrea, Esq., do hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

Dated:  February 2, 2026          */s/ Robert Papandrea*
                  Robert Papandrea